CAPITAL LUMBER COMPANY, Respondent, *v.* BARTH ET AL., Appellants.

(No. 2,152.)

(Submitted June 24, 1905. Decided July 29, 1905.)

*Action for Debt—New Trial—Joint Motion—General Ver-dicts—Disregard of Findings—Waiver—Estoppel—Plead-ings—Evidence—Instructions.*

New Trial—Joint Motion—Insufficiency of Evidence—Assignment of Error as to One Defendant.

1. In an action against joint defendants for goods sold and de-livered, where the issue of fact was whether the person who pur-chased the goods was authorized to do so as agent for defendants, an assignment of error that the evidence was insufficient to sustain the verdict as to one defendant did not call for a new trial as to both defendants, and a joint motion for a new trial, so far as based on such assignment, was properly overruled.

Trial—General Verdicts—Disregard of Findings—Appeal.

2. Where the district court, in an action for debt, entered judg-ment upon a general verdict, and in doing so, ignored certain special findings which were contradictory and inconsistent, the appellants, for failure to object to the court's action or to move for judgment upon the findings, are precluded from complaining of the inconsistencies in the findings for the first time on appeal.

Instructions—Estoppel—May be Proved Without Pleading—When.

3. While the general rule with respect to estoppel is that, in order to be effective, it must be pleaded, yet, where there has been no opportunity to allege it, it may be given in evidence with the same conclusive effect as if alleged, and an instruction to the effect that, in order to invoke the doctrine of estoppel, in an action for debt where the agency of the person who bought the goods was in question, it is necessary to plead it, was properly refused, it not appearing that plaintiff knew that he would have to rely upon an estoppel.

Evidence—Estoppel—Admission without Objection—Submission to Jury.

4. *Held,* that where evidence of an estoppel, not pleaded, is ad-mitted without objection, it may properly be submitted as if war-ranted by the pleadings.

Instructions—When Refusal not Error.
  5.  Where the instructions given fairly cover the issues involved, refusal to submit other instructions is not reversible error.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by the Capital Lumber Company against John C. Barth and Louisa Schwegler. From a judgment for plaintiff and from an order denying a new trial, defendants appeal. Affirmed.

*Mr. H. S. Hepner,* for Appellants.

If the defendant Schwegler is entitled to a new trial, can the court grant the motion as to her and refuse it as to the defendant Barth? We submit that it cannot. In the absence of a statute authorizing a court to vacate a judgment as to one of the defendants in this case the power does not exist, as the judgment must be treated as an entirety. (*Boehmer* v. *Big Rock Irr. Dist.,* 117 Cal. 19, 48 Pac. 908; *Loomis* v. *Perkins,* 70 Conn. 444, 39 Atl. 797; *Tillett* v. *Lynchburg R. Co.,* 115 N. C. 662, 20 S. E. 480; *Sheldon* v. *Quinlen,* 5 Hill (N. Y.), 441; *Gargan* v. *School Dist. No. 15,* 4 Colo. 53; *Powers* v. *Irish,* 23 Mich. 429; *Kimball & Ward* v. *Tanner,* 63 Ill. 519; *Washington* v. *Johnson* (Tex. Civ. App.), 34 S. W. 1040.)

In *St. Louis R. Co.* v. *Bricker,* 61 Kan. 224, 59 Pac. 268, it is said: "A general verdict based upon findings which are inconsistent with each other and contradictory to matters material to the issue in the case, will be set aside." (See, also, *Dickerson* v. *Waldo,* 13 Okla. 189, 74 Pac. 505; *Carmen* v. *Ross,* 64 Cal. 249, 29 Pac. 510; *Learned* v. *Castle,* 78 Cal. 460, 18 Pac. 872, 21 Pac. 11; *Sloss* v. *Allmann,* 64 Cal. 47, 64 Pac. 574; *Reese* v. *Corcoran,* 52 Cal. 495.)

That it was error to refuse the instruction requested, see *Rail* v. *City Nat. Bank,* 3 Tex. Civ. App. 557, 22 S. W. 865; *Gooding* v. *Underwood,* 89 Mich. 187, 50 N. W. 818; *Homberger* v. *Alexander,* 11 Utah, 363, 40 Pac. 260.

*Messrs. Word & Word,* and *Mr. C. W. Wiley,* for Respondent.

The special findings are apparently contradictory and conflicting and irreconcilable, and hence in such case nullify and destroy each other, and the general verdict must stand. (*Drake v. Justice Co., supra; Indiana etc. Gas Co. v. McMath,* 26 Ind. App. 154, 57 N. E. 593, 59 N. E. 287; 20 Ency. of Pl. & Pr. 354, 364, cases cited; Elliott's General Practice, sec. 922.)

Plaintiff had. no opportunity to plead the estoppel, but relied upon the agency and the complaint alleged the sale to defendants; the answer was a general denial and the lease and contract attempted to be relied upon by defendants as conclusive was not pleaded, and plaintiff given an opportunity to set up facts of an estoppel in a replication. As to rule applicable in such case, see 16 Cyc. 806-809, notes; 8 Ency. of Pl. & Pr. 7, note 1, pp. 8, 9; 2 Abbott's Brf. on Pl., 1444, 1447, notes; *Shelton* v. *Alcox,* 11 Conn. 240; *Woodhouse* v. *Williams,* 14 N. C. 508; *Isaacs* v. *Clark,* 12 Vt. 692, 36 Am. Dec. 372; *Flandreau* v. *Downey,* 23 Cal. 354; *Southern Pac. R. Co.* v. *United States,* 168 U. S. 1, 57-60, 18 Sup. Ct. 18, 42 L. Ed. 355.

"A party having ground for a new trial may lose the benefit of it by proceeding jointly with a party not so favorably situated, * * * and when there is any doubt as to the identity of relation or equality of right therein, separate notices should be given though they be represented by the same attorney." (1 Spelling on New Trial and Appellate Practice, sec. 372, p. 671; *Cloverdale* v. *Edwards,* 155 Ind. 374, 58 N. E. 495; *Whitely Mal. Co.* v. *Berrington,* 25 Ind. App. 391, 38 N. E. 268; *Wiggenhorn* v. *Kountz,* 23 Neb. 690, 8 Am. St. Rep. 150, 37 N. W. 603; *Scott* v. *Chope,* 33 Neb. 41, 49 N. W. 940; *Porter* v. *Sherman Banking Co.,* 40 Neb. 274, 58 N. W. 721; *Miller* v. *Adamson,* 45 Minn. 99, 47 N. W. 452; *Hogan* v. *Peterson,* 8 Wyo. 549, 59 Pac. 162; *Kentucky Co.* v. *Morgan,* 28 Ind. App. 89, 62 N. E. 68. See, also, *Albright* v. *McTighe,* 49 Fed. 817; *Clark* v. *Austin,* 38 Minn. 487, 38 N. W. 615; *Heffner* v. *Moyst,* 40 Ohio St. 112; *Hayden* v. *Woods,* 16 Neb. 306, 20 N. W. 345; *Bicknell* v. *Dorion,* 16 Pick. 478; *Wittenbrock* v.

*Bellmer,* 62 Cal. 558; *Bremen Bank* v. *Umrath,* 55 Mo. App. 43; *Holborn* v. *Naughton,* 60 Mo. App. 100; *City of Kansas City* v. *File,* 60 Kan. 157, 55 Pac. 877; *Ex parte Lowman & H. Co.,* 2 Wash. 427, 27 Pac. 232; *Maxwell* v. *Habel,* 92 Ill. App. 510; *Moreland* v. *Durocher,* 121 Mich. 398, 80 N. W. 284; *Sims* v. *State,* 87 Ga. 569, 13 S. E. 551; *Nashville* v. *Gore,* 106 Tenn. 390, 61 S. W. 777, and others.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeals from a judgment in favor of plaintiff and from an order denying defendants' motion for a new trial. The action was brought to recover the price of goods, wares, and merchandise alleged to have been sold to defendants by plaintiff, and also by another, whose claim plaintiff holds as assignee for value. The complaint is in the ordinary form for goods, wares, and merchandise sold and delivered. The defendants answered separately putting in issue all the material allegations of the complaint. Upon a trial to a jury the court submitted the case for certain special findings and a general verdict. The general verdict was in favor of plaintiff. The special findings are inconsistent with each other and also the verdict. The court, without objection on the part of defendants, or motion for judgment on the findings, entered judgment on the general verdict.

The errors assigned are that the evidence is insufficient to sustain the verdict as to defendant Schwegler, that the special findings are so contradictory and inconsistent that they do not support the judgment, and that the court erred in refusing certain instructions to the jury requested by defendants.

1. The motion for a new trial was joint. The contention is made that there is no evidence to support the verdict as against defendant Schwegler, and, since this is so, a new trial should be granted both defendants. This contention cannot be sustained. There is a conflict in the decisions upon the question

whether, when a joint motion is made, the trial court should grant a new trial as to the one or more movants who appear to be entitled thereto (Spelling on New Trial and Appellate Practice, sections 372, 395), some of the courts holding, as this author points out, that a party having a ground for a new trial loses the benefit of it by proceeding jointly with another who is not so favorably situated. We know of no authority to the effect that all the losing parties may insist upon a new trial because one has ground therefor, which does not in any way affect the merits of the judgment as to the others.

Cases may arise where the rights of the losing parties are so intimately connected that what has prejudiced one during the course of the trial may also have prejudiced the other, and the court would feel constrained to grant a new trial as to all in order to remedy the wrong against the one as to whom otherwise the judgment should be allowed to stand. Such were the cases of *Strand* v. *Griffith et al.* (C. C.), 109 Fed. 597, and *Washington Gaslight Co.* v. *Lansden*, 172 U. S. 534, 19 Sup. Ct. 296, 43 L. Ed. 543. In the first of these two cases there was no evidence to sustain the verdict as against one defendant. The court granted a new trial as to all, for the reason that it could not say that evidence admitted as to transactions between the plaintiff and the one defendant did not enhance the amount of the verdict as to the others. A like situation was presented in *Gaslight Co.* v. *Lansden*.

This action is for debt. The controversy in the evidence was as to whether one Greene, who purchased the goods, wares, and merchandise, was authorized to do so upon the credit of defendants as their agent. The jury found that he was. The evidence might be wholly insufficient to charge one of the defendants and not the other. But the evidence as to the one could not in any way affect the rights of the other, and the rule of the cases cited does not apply. Under these circumstances, since the assignment goes to the insufficiency of the evidence as to the defendant Schwegler alone, and a new trial is demanded as to both, and not as to Schwegler only, the dis-

trict court properly denied it so far as the motion was based on
it.

2. It is said that, since the special findings are contradictory
and inconsistent, they therefore do not sustain the judgment.
The court ignored the findings, and rendered judgment upon
the general verdict. No complaint is made that this is error.
Such being the case, we do not think the contradictions or in-
consistencies in the findings affect the validity of the judg-
ment. If any error was committed, it was in the action of
the court in entering judgment upon the verdict instead of upon
the findings, which, taken as a whole, are inconsistent with
the verdict, and entitled defendants to judgment had they
moved the court for it. As they did not do so, and as they do
not complain of the court's action in the premises, they do not
stand in any attitude to complain of the inconsistencies in the
findings.

3. It appears that one Greene secured from the defendant
Barth a lease of property in the city of Helena known as the
"Hotel Helena" for a term of two years beginning on May 1,
1902, at a monthly rental of $500. This lease was assigned
by Barth to the defendant Schwegler. The goods were pur-
chased by Greene for use in running the hotel during Octo-
ber, November, and December, 1902. Soon after Greene took
possession of the property, and in May, 1902, there was some
controversy between him and Barth as to representations made
by Barth to induce Greene to take the lease, the latter insisting
that the representations were false, and that he should be re-
leased from the contract. The theory of the plaintiff was and
is that Barth released Greene from his obligation under the
lease, and undertook to conduct the hotel for himself and his
codefendant, retaining Greene as manager; and that Greene
being in fact their agent, and held out by them as such at the
time the purchases were made, the defendants are liable.

Among other instructions requested by the defendants was
the following, which was refused: "You are further instructed
that under some circumstances a party may be estopped from

disputing the fact that another is his agent, although the relation of principal and agent does not in fact exist; but in order to invoke this doctrine of estoppel it is necessary that the pleadings should allege the facts relied upon to show the estoppel, and, as no estoppel is pleaded in this case, the plaintiff is not entitled to recover unless an agency in fact existed as between the said E. C. Greene and the defendants, or either of them." It is said that, since no estoppel is alleged in the complaint, and the evidence tends only to show an agency by a holding out by the defendants, the refusal to give this instruction was prejudicial error. The evidence was introduced without objection, and, conceding that it tends only to show a holding out, the instruction was properly refused.

It is the general rule that matter of estoppel, to be effective, must be alleged. Where, however, there has been no opportunity to allege it, it may be given in evidence with the same conclusive effect as if alleged. In *Isaacs* v. *Clark*, 12 Vt. 692, 36 Am. Dec. 372, it is said: "It is no doubt true that where the party has an opportunity to plead the estoppel he is bound to do it, and if he omits it, the jury will not be bound by the estoppel, but may find according to the fact. If, however, there has been no opportunity to plead the matter as an estoppel, it may, in general, be given in evidence, and it will have the same conclusive effect as in cases where it is pleaded. This is according to the current of the authorities, though they may not have been entirely uniform,"—citing cases.

It does not appear from the record that the plaintiff knew that he would be compelled to rely upon the matter of estoppel in order to recover against the defendants. The complaint alleges that the goods were sold and delivered to the defendants. This form of allegation is appropriate to charge defendants who have rendered themselves liable under an agent duly authorized or empowered to charge them. Since it does not appear that the plaintiff knew that he would have to rely upon the estoppel, the matter was properly proved, although not alleged.

Again, the evidence having been admitted without objection, plaintiff was entitled to have it submitted to the jury as if warranted by the pleadings. (*Fabian* v. *Collins,* 3 Mont. 215; *Alderson* v. *Marshall,* 7 Mont. 288, 16 Pac. 576; *Hanson* v. *Buckner's Exrs. etc.,* 4 Dana, 251, 29 Am. Dec. 401.)

Like complaint is made that the court erred in refusing to submit two other instructions. We think, however, that the instructions given fairly covered the issues involved, and that the defendants have no grounds for complaint. The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.

