G. SAM ROGERS, APPELLEE, V. CITY OF OMAHA, APPELLANT.

FILED JANUARY 23, 1908.   No. 15,371.

1. Cities: CONTRACTS: VALIDITY.  Where a municipal corporation en-
ters into a contract which, under the existing law, it was au-
thorized to make, but where the procedure laid down by the
statute was not followed, the contract is not *ultra vires*, but ir-
regular, and the contractor or his assignee may maintain an ac-
tion to recover a remainder due upon such contract.

2. Limitation of Actions:  ACKNOWLEDGMENT OF DEBT.   A warrant
issued by the proper authorities of the city in consideration of a
valid indebtedness against it is a written acknowledgment of
such indebtedness and a promise to pay, and arrests the running
of the statute of limitations.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE.   *Affirmed.*

H. E. Burnam, I. J. Dunn and John A. Rine, for appel-
lant.

W. A. Saunders and E. C. Strode, contra.

GOOD, C.

This is an action to recover from the city of Omaha a
balance on a contract for grading a part of Mason street
in that city, and is for the second time before this court
for consideration.   The former opinion appears in 76 Neb.
187, where a sufficient statement of the facts will be found.
After the cause was reversed and remanded, a second trial
was had in the district court, resulting in a judgment for
the plaintiff, and from that judgment the defendant has
appealed.

The second trial in the district court was upon the same
issues that were presented in the first, and the same issues
are now involved that were presented when the case was
first before us.   Several questions are argued with much
earnestness in the very able and elaborate brief of the
appellant, but the case must be disposed of upon the ques-

tions decided in the former opinion. The soundness of the rulings in the former opinion on both the questions that the contract was not *ultra vires* and that the action was not barred by the statute of limitations is vigorously assailed, and we are asked to disapprove the former holdings. In effect, we are asked on this appeal to grant a rehearing on the questions disposed of in the former opinion. We have reexamined the questions presented upon the former hearing and again presented in this appeal, and have reached the same conclusions that were reached in the former opinion.

Appellant urges most strenuously that the city council did not have the power to make the contract until a petition, signed by the owners of a majority of the foot frontage, had been filed asking for a change of grade, and that until such petition had been filed the action of the mayor and council in awarding the contract was not within their power, and the contract was therefore *ultra vires*. In this view we cannot concur. The power to change the grade of the street was vested by statute in the mayor and council. No new legislation was necessary to authorize such action. The power to change the grade is conferred by section 109, ch. 12a, Comp. St. 1903. Said section and the ones immediately following prescribe the manner of exercising this power. As long as the city was authorized to change the grade of the street under the legislation then existing, it cannot be properly said that, because the manner of exercising that power laid down by the statute was not strictly followed, the action of the mayor and council was *ultra vires*. Properly speaking, *ultra vires* contracts of a municipal corporation are such as the corporation has no power to make under any circumstances or for any purpose. A contract of a municipal corporation is *ultra vires* in its proper sense when it has no power under the existing legislation under any circumstances to enter into such contract. Such a contract, of course, is wholly void and gives rise to no rights. The objection to such a contract is not merely that the corporation should not have

made it, but that it had no power to make it.    But, in the case at bar, by the statute then existing the mayor and council were given the power to change the grade of the street and to award contracts for perfecting such change. Where the municipal corporation has the power to make the contract, but fails to follow the procedure laid down by the law for making of the contract, it cannot properly be said to be *ultra vires* and void, but is merely irregular. Such was the former holding, and we believe it to be sound, and it should be adhered to.

With reference to the statute of limitations, appellant contends that that question was not decided by the trial court on the first trial, and that it was not properly before this court upon the former hearing.    However that may be, it does not in anywise affect the correctness of the holding.    In the case of *City of Omaha v. Clarke,* 66 Neb. 33, cited in the former opinion, it was held that, where an award had been made by the proper city officers upon a claim for damages, the statute did not begin to run until the time of the filing of the award, and that such award was a record obligation in writing on which an action would lie for five years.    In the case of *Abrahams v. City of Omaha, ante,* p. 271, it was held that a warrant issued by the proper authorities of the city in consideration of a valid indebtedness against it is a written acknowledgment of such indebtedness and a promise to pay it, and arrests the running of the statute of limitations.    So far as the statute of limitations is concerned, that case is identical with this one.    In both actions warrants were issued against a special fund which had never been created, and where the city became liable upon a contract obligation.    The holding in that case is conclusive in this case. The action was not barred by the statute of limitations.

It follows that the judgment of the district court is right, and should be affirmed.

DUFFIE and EPPERSON, CC., concur.

41

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.