KEELER BROS., RESPONDENT, *v.* SCHOOL DISTRICT No.
3, SHERIDAN COUNTY, APPELLANT.

(No. 4,590.)

(Submitted January 7, 1922. Decided February 20, 1922.)

[205 Pac. 217.]

*Schools ‧ and School Districts—Sale of Bonds—Statutory Re-
quirements—Failure to Pursue—Damages—Complaint—In-
sufficiency—Contracts—Ultra Vires.*

Pleading—General Demurrer—Complaint—Sufficiency—When to be Up-
held.
   1.   Where a general demurrer to the complaint was sustained, the
supreme court on appeal will search it from end to end to determine
whether it can be reasonably held sufficient upon any theory, and
if upon the facts stated plaintiff is entitled to relief upon any view
of it, it will be sustained.
Municipal Corporations—School Districts—Authority—Contracts.
   2.   A person dealing with the agents of a municipal corporation (a
school district in this instance) must at his peril see that they are
acting within the scope of their authority and line of duty; if not,
and he makes an authorized contract, he does so at his own risk.
Same—When Contracts Void.
   3.   A contract with a municipal corporation not entered into as pre-
scribed by statute is not binding and a recovery cannot be had
thereon.
Same—District Bonds—Sale—Nondelivery—Damages—Complaint—Insuffi-
ciency.
   4.   In an action for damages for breach of contract, allegations in
the complaint that defendant school district had entered into a con-
tract with plaintiff corporation under which it had agreed to sell to
plaintiff an issue of bonds with the ‧understanding that defendant
would take the statutory steps requisite to authorize the issue, but
had failed to take such steps, showed upon their face that the
contract was unenforceable and did not state a cause of action.
Same — District Bonds — Delivery—Condition Precedent—Failure' to Per-
form—Fatally Defective Complaint.
   5.   The absence from the complaint of an allegation that plaintiff ‧
had paid the purchase price of the school district bonds into the
county treasury, or had tendered payment, made a condition prece-
dent to delivery of them to it by Chapter 76, Laws of 1913, 285
*et seq.* rendered the pleading fatally defective.
Same—When Contract *Ultra Vires*—When Irregular Merely.
   6.   An *ultra vires* contract of a municipal corporation is one the
corporation has no power to make under any circumstances or for any
purpose; where, however, it enters into a contract which it has
authority to make but in making it fails to follow the procedure laid
down by statute, it is not *ultra vires*, but irregular merely.

---

   3.   Estoppel of municipality to deny validity of contract under void
statute, see note in 2 **Ann. Cas.** 403.

*Appeal from District Court, Sheridan County; John Hurly, Judge.*

Action by Keeler Bros. against School District No. 3, Sheridan County.. Judgment for plaintiff and defendant appeals. Reversed and remanded, with instructions.

Cause submitted on briefs of Counsel.

*Mr. Geo. Cudhie* and *Mr. C. H. Bentley,* for Appellant.

*Messrs. Babcock & Ellery,* for Respondent.

Defendant's contention is that it was incumbent upon the plaintiff to plead facts showing that the execution of the contract sued upon was within the powers of the school trustees of the defendant school district. In other words, it is the defendant's contention that the burden was upon the plaintiff to plead facts showing that the contract was not an *ultra vires* contract. While there appears to be some authority supporting defendant's contention, the great weight of authority seems to be to the effect that the defense of *ultra vires* by a private corporation or a municipal corporation or a *quasi*-municipal corporation is a defense that cannot be raised by a demurrer but is an affirmative defense which must be pleaded. (*Brown* v. *Board of Education of City of Pomona,* 103 Cal. 531, 37 Pac. 503; *Burkhardt* v. *Georgia School Township,* 9 S. D. 315, 69 N. W. 16; *Webb* v. *School District No. 3,* 83 Minn. 111, 85 N. W. 932; *State* v. *School District,* 34 Kan. 237, 8 Pac. 208; 10 Cyc. 1156; 7 R. C. L., sec. 678; *Martin* v. *Kentucky L. Inv. Co.,* 146 Ky. 525, Ann. Cas. 1913C, 332, 142 S. W. 1038; *Arizona Life Ins. Co.* v. *Lindell,* 15 Ariz. 471, 140 Pac. 60; 5 Ency. Pl. & Pr. 95; *Iowa Business Men's Bldg. & Loan Assn.* v. *Berlau,* 125 Iowa, 22, 98 N. W. 766.)

MR. CHIEF COMMISSIONER STARK prepared the opinion for the court.

The complaint in this action in substance alleges that, at all the times mentioned therein, the plaintiff was a corporation under the laws of Colorado, and the defendant was a duly created, organized and existing school district under the' laws of Montana; that on the first day of June, 1917, defendant entered into a written contract with plaintiff to sell and deliver to plaintiff $6,000 of six per cent bonds of the defendant school district, in which contract it agreed to take such proceedings as the attorneys for plaintiff might direct and prepare, so that said bonds might be duly authorized to be issued, and issued and delivered to plaintiff, which contract, and the acceptance thereof by defendant, are as follows:

"Subject: Sheridan Co. (Mont.) S. D.—Westby.

"Hon. Board of School Trustees, Westby School District No. 3, Westby, Montana.

"Gentlemen: For $6,000.00 six per cent. (6%) bonds of your school district, to be dated June 1st, 1917, absolutely due and payable in twenty (20) years, but redeemable according to law, with' principal and semiannual interest payable at the county treasurer's office, Sheridan county, Montana, or at the National Bank of Commerce, in New York City, at our option, we will, upon delivery of the bonds to us in Denver, Colorado when accompanied by complete evidence of their legality in form satisfactory to our attorneys, pay you the sum of $6,050.00, including accrued interest.

"Prior to the delivery of the bonds, it is understood and agreed that your board will take such steps and adopt any and all proceedings that our attorneys may direct and prepare, to the end that said bonds are duly authorized to be issued, and issued, and delivered to us without undue or unnecessary delay.

"We are attaching hereto our certified check No. K—4506 for five hundred ($500.00) dollars, payable to your order, which is to be held as an evidence of good faith, pending the completion of this transaction.

"This bid is for immediate acceptance only.

"Respectfully submitted,

"KEELER BROTHERS,

"By [Signed] Geo. E. KEELER.

"State of Montana, County of Sheridan, School District No. 3—ss.:

"The above bid of Keeler Brothers, of Denver, Colorado, accepted for and on behalf of Sheridan county school district No. 3 by order of its board of school trustees and entered of record this first day of June, A. D. 1917. Receipt of the above-mentioned certified check is also hereby acknowledged.

"[Signed]   E. N. HINSHAW, Chairman.

"Attest:

"[Signed]   E. E. SEVEREID.

"[Seal.]   [Signed]   E. O. MANN, Clerk."

It is further alleged that plaintiff has fully complied with all its covenants under said contract, and has offered to pay to defendant the full contract price for the bonds, upon performance by defendant of its covenant relative to the adoption of proceedings necessary to the legal issuance and delivery thereof, which proceedings had been directed and prepared by plaintiff's attorneys long prior to the commencement of this action and demand made upon defendant to adopt the same and take the necessary proceedings to legally issue the bonds and deliver them to plaintiff, but that defendant had refused, failed, and neglected to do so.

In paragraph VII it is alleged that prior to the commencement of this suit, defendant had sold and delivered said bonds to a purchaser other than plaintiff and thereby voluntarily made the performance of the contract on its part impossible.

The complaint further contains allegations of damages to plaintiff in the sum of $200 for fees paid to attorneys for the

preparation of the proceedings mentioned in the agreement; and an additional sum of $485 for profits which plaintiff would have made by sale of the bonds to a purchaser whom plaintiff had procured therefor at a considerable expense and inconvenience, which fact was known to defendant when it failed, refused and neglected to adopt the necessary proceedings to legally issue and deliver the bonds to the plaintiff; and that demand for payment of the claimed damages had been made upon and refused by defendant. The prayer is for judgment against defendant in the sum of $685, with interest at eight per cent per annum from October 1, 1917.

To this complaint defendant filed a general demurrer which was overruled, and, having failed to answer within the time allowed by order of the court, on January 24, 1919, judgment was entered against defendant for the sum of $758.07 and costs of suit.

The case is now before this court upon defendant's appeal from this judgment. The sole question presented is whether the complaint states facts sufficient to constitute a cause of action.

Bearing in mind that the complaint stands confronted only [1] by a general demurrer, it is the duty of the court to search it from end to end and determine whether its sufficiency can be reasonably asserted upon any theory. (*Nixon* v. *Montana Ry. Co.,* 50 Mont. 95, Ann. Cas. 1916B, 299, 145 Pac. 8.) If upon any facts stated, from any point of view, the plaintiff is entitled to relief, the complaint will be sustained. (*Hicks* v. *Rupp,* 49 Mont. 40, 140 Pac. 97.)

Paragraph VII of the complaint, standing by itself, might justify a conclusion that at the time the contract pleaded was entered into, the defendant had taken the steps necessary to issue the bonds; but in the face of the other allegations of the complaint, such a conclusion is not warranted.

The plaintiff's own construction of the contract pleaded is that the defendant "covenanted and agreed to take such steps and adopt any and all proceedings that the attorneys of

plaintiff might direct and prepare to the end that such bonds might be duly authorized to be issued, and issued, and delivered to said plaintiff without undue or unnecessary delay.''

In at least four separate statements in the complaint it is alleged that defendant has failed, neglected, and refused to adopt and take the necessary proceedings to legally issue said bonds.

Construing the allegations of the complaint most favorably to the plaintiff, the only logical inference to be drawn is that at the time the contract was entered into the statutory proceedings necessary to be taken by the defendant to authorize its board of trustees to issue the bonds of the district and deliver them to the plaintiff had not been taken.

The statutes in force at the date of this contract, relative to the issuance and delivery of bonds by a school district are contained in Session Laws of 1913, Chapter 76, at page 285 *et seq.*, and they require, before such bonds can be issued and delivered: (1) A submission of the question of their issuance to the qualified electors of the district, and a majority vote in their favor; (2) the actual execution of the bonds by the chairman and clerk of the board, and their registration by the county treasurer in a book provided for that purpose; (3) a sale of the bonds after a call for bids therefor has been published in some newspaper for a period of not less than four weeks, or if the bids received are not satisfactory, a rejection of the bids by the trustees, after which they may be sold at private sale; and (4) after bids are accepted, a payment of the price into the county treasury, and then the actual delivery of the bonds to the purchaser.

In *State ex rel. Bean* v. *Lyons*, 37 Mont. 354, 96 Pac. 922, this court, in construing the power of the board of school trustees, held that statutes granting and defining powers of municipal and *quasi*-municipal bodies, such as school districts, will be construed not only as a grant of powers to such board, but also as a limitation thereon, both as to its extent and as to the mode of its exercise.

A person dealing with the agents of a municipal corpora-
[2] tion must at his peril see that such agents are acting
within the scope of their authority and line of their duty, and
if he make an unauthorized contract he does so at his own
risk. (*Jay* v. *School Dist.*, 24 Mont. 219, 61 Pac. 250.)

The contract of a municipal corporation made otherwise
[3] than as prescribed by statute is not binding and a recovery
cannot be had thereon. (*Reams* v. *Cooley*, 171 Cal. 150, Ann.
Cas. 1917A, 1260, and cases above cited, 152 Pac. 293.)

It appears by the affirmative allegations of the complaint
[4, 5] that at the time the trustees of the defendant district
signed the contract in question, no proceedings had been
taken authorizing the issuance of any bonds; therefore, they
had no authority to bind the district thereby, and no recovery
can be had thereon.

As a condition precedent to its right to have the defend-
ant's bonds delivered to it, in any event, the plaintiff would
have been required, under the statute referred to above, to
actually pay the purchase price into the county treasury.
There is no allegation in the complaint that the plaintiff had
performed or tendered performance of this condition. The
absence of such allegation renders the complaint fatally de-
fective.

For the reasons above indicated, the complaint does not
state facts sufficient to constitute a cause of action, and the
court erred in overruling the demurrer thereto.

Counsel for plaintiff contend that the objections to the
[6] contract urged by defendant can be raised only by an-
swer, for the reason that, if well taken, they simply show
that the contract was an *ultra vires* act of the defendant, and
that this must be pleaded as an affirmative defense. In the
contention that this contract was *ultra vires*, counsel are in
error, as it was within the power of the board after bonds
had been duly authorized, advertised for sale, and bids there-
for rejected, to sell them at private sale; hence, this contract

was not *ultra vires,* but only unauthorized and irregular, and the irregularities appear upon the face of the complaint.

"*Ultra vires* contracts" of a municipal corporation are such as the corporation has no power to make under any circumstances or for any purpose; but when a municipal corporation enters into a contract which, under existing law, it has authority to make, but fails to follow the procedure laid down by statute, it is not "*ultra vires,*" but irregular. (*Rogers* v. *City of Omaha,* 80 Neb. 591, 114 N. W. 833.)

We recommend that the judgment be reversed and the cause remanded to the district court, with instructions to sustain the defendant's demurrer to plaintiff's complaint.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment is reversed and the cause is remanded to the district court, with instructions to sustain the defendant's demurrer to plaintiff's complaint.

*Reversed.*