PUE, APPELLANT, v. COUNTY OF LEWIS AND CLARK,
RESPONDENT.

(No. 5,829.)

(Submitted January 8, 1926.   Decided January 22, 1926.)

[243 Pac. 573.]

*Counties—Health Officer—Powers—Nuisances—Abatement—Un-authorized  Contracts—Nonliability  of  County—Estoppel—Pleading.*

Counties—Health Officer—Appointment of Deputy Unauthorized.
    1. *Held,* that the sections of the 1921 Revised Codes, making provision for the appointment of a county health officer, do not provide for a deputy health officer.

Same—Nuisances—Abatement—Limit of Power of Health Officer.
    2. The county health officer has no power to take steps for the abatement of nuisances or the removal of sources of filth and incur expense in connection therewith, without first having received authorization from the county board of health.

Same—County Officers—Powers—Unauthorized Contracts—Duty of Persons Contracting.
    3. A person dealing with a municipal corporation (a county) through one of its agents is bound to know the nature and extent of the latter's authority, and if he makes an unauthorized contract he does so at his own risk.

Same—Contracts—When Void.
    4. A contract of a municipal corporation made otherwise than as prescribed by the statute is not binding and a recovery cannot be had thereon.

Estoppel must be Pleaded.
    5. Where a party had opportunity to plead estoppel but failed to do so he is in no position to avail himself of that defense on appeal based on evidence admitted over objection of his adversary.

---

[1]. Health, 29 C. J., sec. 18, p. 246, n. 42.
[2] Health, 29 C. J., sec. 58, p. 258, n. 49.
[3] Counties, 15 C. J., sec. 2, p. 391, n. 31; sec. 233, p. 540, n. 93; p. 541, n. 99.
[4] Health, 29 C. J., sec. 110, p. 275, n. 77.  Municipal Corporations, 28 Cyc., p. 670, n. 96.
[5] Estoppel, 21 C. J., sec. 248, p. 1242, n. 92; sec. 257, p. 1246, n. 33.

*Appeal from District Court, Lewis and Clark County; W. H. Poorman, Judge.*

3.  See 19 R. C. L. 1066.
4.  See 19 R. C. L. 1063.

Action by Galen D. Pue against Lewis and Clark County. From a judgment of nonsuit, plaintiff appeals. Affirmed.

*Messrs. Maury & Brown,* for Appellant, filed an original and a supplemental brief; *Mr. R. Lewis Brown* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. I. W. Choate,* Assistant Attorney General, and *Mr. George W. Padbury, Jr.,* County Attorney of Lewis and Clark County, for Respondent, submitted a brief; *Mr. Choate* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

The complaint in this action alleges that defendant, "through its board of health and one [Dr.] Arthur Jordan, its county health officer, employed plaintiff to perform certain labor and services in sanitary and excavating operations in and about the town of East Helena," and promised to pay him the reasonable value thereof; that the plaintiff duly performed the same, and that the reasonable value thereof was $523.25; that he duly presented his claim for this amount to defendant and demanded payment thereof, which was refused, and prays judgment against the defendant for that amount. Defendant's answer denied all the above allegations of the complaint.

The case was tried before a jury. It was admitted that the Arthur Jordan referred to in the complaint was the secretary of the county board of health. Plaintiff testified that the work which he performed was the cleaning of vaults and sanitary work in East Helena; that he was ordered to do this work by Dr. Jordan and charge the amount to the county; that before doing the work he asked about the payments, and Dr. Jordan referred him to County Attorney Padbury, who told him to go ahead and do the work, bring the bills to him after they had been O. K.'d and he would see that they were

paid; that he did the best he could to make sure of Dr. Jordan's authority, and "even consulted the mayor," who said, "Dr. Jordan was the county health physician and officer." Further evidence was introduced showing that Dr. Jordan had assumed to appoint one John McNamara as "deputy health officer of Lewis and Clark county"; that McNamara inspected premises in East Helena which he determined should be cleaned and served upon the occupants printed notices warning them to clean the same; that the expense of printing and serving these notices was paid by the plaintiff; that if the occupants neglected to clean the premises within the time (three days) specified in the notices, plaintiff and McNamara then consulted with Dr. Jordan, who told plaintiff "to go ahead and clean them," and plaintiff did so; that in three or four instances Dr. Jordan made personal inspection of the premises before McNamara ordered them cleaned.

After plaintiff cleaned the premises as above directed, he made out bills for the work, which were O. K.'d by McNamara, and eleven such bills form the basis of this action. The plaintiff also showed by the records of the board of county commissioners that the board had declined to pay the bills, for the reason that they had been contracted without the knowledge or consent of the county board of health or of the board of county commissioners.

All the foregoing testimony relative to the transactions between the plaintiff and Dr. Jordan, the appointment of Mc-Namara as deputy health officer and his acts under such appointment, was admitted over appropriate objections of the defendant.

At the close of plaintiff's testimony counsel for defendant moved the court to grant a nonsuit on the ground, amongst others, that no authority had been disclosed either in the secretary of the county board of health or the so-called deputy health officer, McNamara, to incur the indebtedness upon which

the complaint was based. The motion was sustained. Judgment was entered in accordance therewith from which the plaintiff had appealed. The only question presented on the appeal is whether the court erred in sustaining defendant's motion for a nonsuit.

Section 2473, Revised Codes of 1921, establishes in each [1] county a "county board of health," which consists of the board of county commissioners and one physician, who must be appointed by the board, who thereby becomes *ex officio* secretary of the board and the "county health officer." This section further provides: "The county health officer shall have the same powers and perform the same duties in the county of his appointment, outside of the limits of incorporated towns or cities, as are hereinabove provided for a local health officer within the corporate limits of a town or city. * * * "

The powers and duties of a local health officer are prescribed by section 2467, which, so far as applicable to this case, reads: "The local health officer shall make sanitary inspection whenever and wherever he has reason to suspect that anything exists that may be detrimental to the public health. He shall, as secretary of the local board of health, by a written instrument under his hand, order the destruction, prevention, and removal, within a specified time, of all nuisances, sources of filth, or causes of sickness, as directed by the local board of health." We have not discovered in the statute any authority for the appointment of a deputy health officer.

Sections 2467, 2470 and 2475 authorize local and county [2] boards of health to abate nuisances, to remove sources of filth, and to establish sanitary rules and regulations. Section 2468 provides that if any person neglects to comply with any written order of a local, county or state health officer, the local, county, or state board of health may cause it to be complied with at the expense of the town, city, or county, and that such expenses may be recovered from the person or cor-

poration whose legal duty it was to comply with such order, by a civil action brought in the name of such town, city or county.

It will be noted that none of the above sections contains any authorization for the county health officer to proceed with steps for the abatement of nuisances or the removal of sources of filth and incur expenses in connection therewith, except as he may be directed to do so by the county board of health.

All of the above-cited sections are found in Chapter 192, Part III, of the Political Code, which has to do with state, local and county boards of health. That the legislature had in mind that conditions might arise under which the secretary of one of these boards should be authorized to act without authorization from the board itself is indicated by section 2459, which provides that in emergency cases the secretary of the state board of health shall have the full power of the state board to act until such time as a meeting of such board may be duly called; but there is no provision authorizing the county health officer to take steps for the abatement of nuisances or the removal of sources of filth without first having received authorization from the county board of health.

For the purposes of the matters now under consideration the [3] county is considered as a municipal corporation. (*State ex rel. Coad* v. *Judge of Ninth Judicial District Court,* 23 Mont. 171, 57 Pac. 1095.)

"The general rule is well settled and is constantly enforced that one who makes a contract with a municipal corporation, is bound to take notice of limitations on its power to contract and also of the power of the particular officer or agency to make the contract. That is, persons dealing with a municipal corporation through its agent are bound to know the nature and extent of the agent's authority." (3 McQuillin on Municipal Corporations, sec. 1166.)

"It is a general and fundamental principle of law that all persons contracting with a municipal corporation must at their peril inquire into the statutory power of the corporation or of its officers to make the contract. * * * So, also, those dealing with the agent of a municipal corporation are likewise bound to ascertain the nature and extent of his authority. This is certainly so in all cases where this authority is special and of record or conferred by statute." (2 Dillon on Municipal Corporations, sec. 777.)

The rule announced in the above-quoted authorities was expressly sanctioned by this court in *Keeler Bros.* v. *School District*, 62 Mont. 356, 205 Pac. 217, where it is said: "A person dealing with the agents of a municipal corporation must at his peril see that such agents are acting within the scope of their authority and line of their duty, and if he make an unauthorized contract he does so at his own risk."

It is also the rule that the contract of a municipal corpora-
[4]   tion, made otherwise than as prescribed by statute, is not binding, and a recovery cannot be had thereon. (*Keeler Bros.* v. *School District, supra; Reams* v. *Cooley,* 171 Cal. 150, Ann. Cas. 1917A, 1260, 152 Pac. 293.)

Applying these established rules of the law to the undisputed facts presented in this record, it is apparent that, since Dr. Jordan did not seek and was not granted authority from the county board of health to enter into the contract or incur the expense made the basis of plaintiff's cause of action, he had no authority to make the contract or incur such expense, and consequently the plaintiff wholly failed to prove the contract set out in his complaint. Therefore the order of the court sustaining the motion for a nonsuit was correct.

But it is contended on the part of the appellant that the
[5]   defendant is estopped to deny its liability upon the contract set forth in the complaint. Even if the evidence introduced at the trial, and which was admitted over the objections of the defendant, had been sufficient to establish the

estoppel claimed, a complete answer to counsel's contention would be that estoppel was not pleaded, although ample opportunity for doing so existed. Under such circumstances one must plead an estoppel in order to avail himself of it. (*Colwell v. Grandin Inv. Co.*, 64 Mont. 518, 210 Pac. 765; *Capital Lumber Co.* v. *Barth*, 33 Mont. 94, 81 Pac. 994.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.