PUE, RESPONDENT, *v.* NORTHERN PACIFIC RAILWAY
CO., APPELLANT.

(No. 6,022.)

(Submitted December 8, 1926. Decided December 28, 1926.)

[252 Pac. 313.]

*Foreign Corporations—Nonresidents for Purposes of Jurisdiction—Contracts—Power of Local Agents.*

Foreign Corporations—Nonresidents for Purposes of Jurisdiction Over
Them—Justices of the Peace.
1. In the absence of statute giving foreign corporations a domestic
residence, they remain nonresidents of the state and may, under
section 9619, subdivision 5, Revised Codes of 1921, be sued in a
justice court in any township of the state.

Same—Actions Against—Justices' Courts—Jurisdiction.
2. Plaintiff performed work for defendant railway company in
L. & C. county, where defendant's principal place of business was
located and where the agent designated for service of process
resided; the defendant also did business and had an agent in
S. B. county. Plaintiff brought suit in a justice court in the latter
county, summons being served on the agent there. *Held*, under the
above rule (par. 1), that the court acquired jurisdiction to try
the cause.

Same—Contracts—Local Agent—Ostensible Authority.
3. Where the local agent of a railway company who had been
directed by a health officer to have certain sanitary work done
about the yards requested the officer to have it done by plain-
tiff, and the officer transmitted the request to plaintiff, who per-
formed the work, there was an offer and acceptance and a sufficient
meeting of minds to consummate the contract necessary to establish
liability on the part of the company if the agent had ostensible
authority over the premises under his immediate charge.

Same—Contracts—Agents—Apparent Authority—Liability of Principal.
4. Where a corporation, other than municipal, either intentionally
or negligently clothes a person with apparent authority to act
for it in a particular manner, it cannot deny his authority as
against one who deals with him in good faith; it being only in
cases where there is no question of apparent authority that one
must at his peril ascertain the extent of the agent's authority
before dealing with him.

Same—Apparent Authority of Agent—Jury Question.
5. The apparent authority of an agent may be gathered from all
the facts and circumstances surrounding the transaction, and is
a question of fact for the jury.

---

1. Liability of foreign corporations to suit, see note in 70 L. R. A.
543. See, also, 12 R. C. L. 118.
4. See 7 R. C. L. 623.
5. See 7 R. C. L. 628.

Same—Agent Entrusted With Local Management of Affairs—Power to Make Contracts.

6. An agent to whom a corporation entrusts the management of its local affairs may bind his company by a contract necessary and proper to be made in the ordinary prosecution of its business.

Same—Secret Instructions to General Local Agent as to Authority to Spend Corporate Money not Binding upon Whom.

7. A secret instruction to a general agent of a corporation in charge of its business requiring him to obtain permission from one of its executive officers before expending money is not binding upon persons dealing with such agent in good faith and in reliance upon his apparent authority.

---

[1, 2] Corporations, 14a C. J., sec. 4078, p. 1369, n. 81; sec. 4119, p. 1399, n. 70. Justices of the Peace, 35 C. J., sec. 136, p. 557, n. 58; p. 559, n. 65.

[3] Contracts, 13 C. J., sec. 52, p. 266, n. 95; sec. 73, p. 275, n. 72.
[4] Agency, 2 C. J., sec. 211, p. 573 n. 35. Corporations, 14a C. J., sec. 2209, p. 347, n. 27; sec. 2212, p. 349, n. 48; sec. 2213, p. 352, n. 69; p. 353, n. 70.
[5, 6] Agency, 2 C. J., sec. 733, p. 962, n. 19. Corporations, 14a C. J., sec. 2210, p. 348, n. 38; sec. 2212, p. 349, n. 48.
[7] Corporations, 14a C. J., sec. 2212, p. 349, n. 48; sec. 2213, p. 353, n. 70.

*Appeal from District Court, Silver Bow County; Wm. E. Carroll, Judge.*

ACTION by Galen D. Pue against the Northern Pacific Railway Company. Judgment for plaintiff and defendant appeals. Affirmed.

*Messrs. Walker & Walker, Messrs. Gunn, Rasch & Hall* and *Mr. Milton C. Gunn,* for Appellant, submitted a brief; Mr. *Milton C. Gunn* argued the cause orally.

*Messrs. Maury & Brown,* for Respondent, submitted a brief; *Mr. R. Lewis Brown* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Appeal from a judgment in favor of plaintiff rendered by the district court of Silver Bow county on appeal from a justice of the peace court of that county. But two questions

are raised: (1) As to the jurisdiction of the court; and (2) as to the sufficiency of the evidence.

The complaint alleges that defendant is a foreign corporation, and that it "owes plaintiff $135.40 for sanitary work performed at the special instance and request of defendant, in defendant's Helena yards," *etc.* The summons was served on defendant's agent in Silver Bow county. Jurisdiction was questioned by motion to dismiss, supported by affidavit showing that the contract, if made, was entered into, to be performed and payment thereof made in Lewis and Clark county; that defendant had complied with the law relative to filing statement in the office of the secretary of state, and therefrom it appears that the principal place of business of the company is in Helena and its agent, designated for acceptance of service of process, there resides. The jurisdiction of the court was further challenged by demurrer, by objection to the introduction of testimony, by motion for nonsuit and motion for directed verdict. Both in the justice court and district court the rulings were consistently against defendant's contention. On issue joined, verdict was rendered in favor of plaintiff in each trial court and judgment rendered thereon.

1. Did the justice court of Silver Bow county have jurisdiction over the defendant and of the subject matter of the action?

It must be conceded that, under the pleadings and proof, [1, 2] plaintiff's cause of action arose in Lewis and Clark county; that defendant's principal place of business was within that county, and the person designated for service of process there resided, while the company did business and had an agent in Silver Bow county.

Actions in justices' courts may be commenced "in any township of the county in which the defendant, * * * resides, or may be found and served with summons personally" (sec. 9619, subd. 7, Rev. Codes 1921), and, in the absence of a showing that a defendant cannot be served in the county of his residence, a justice's court of another county acquires no juris-

diction by service in such other county (*Wilcox* **v.** *Toston State Bank*, 53 Mont. 490, 165 Pac. 292); but, where the defendant is a nonresident of the state, action may be commenced in any township of the state (subd. 5, sec. 9619, above). The residence of the company is therefore determinative of the question of venue in this case.

At common law, a corporation could not migrate from the state of its creation and was incapable of being "found," for the purpose of service, in any other state, and therefore its liability to be sued outside its native state depends entirely upon the written law of such other state; and, even though by statute a foreign corporation is deemed and taken to be a domestic corporation for the purposes of jurisdiction (sec. 6660, Rev. Codes 1921), and subject to all the duties and liabilities, and is accorded all the privileges of a domestic corporation and may sue and be sued in the courts of this state (sec. 18, Art. XV, Constitution of Montana), and has complied with the constitutional and statutory provisions as to designation of its principal place of business and person upon whom service of process may be had (sec. 11, Art. XV, Constitution; secs. 6651, 6652, 6503 and 6523, Rev. Codes 1921), unless it is given a domestic residence by some statutory provision, it remains a nonresident of the state and comes within the provision that such person may be sued in any county of the state (6 Thompson's Commentaries on the Law of Corporations, sec. 7426; note, 70 L. R. A. 692; *Rhodes* v. *Salem Turnpike Co.*, 98 Mass. 95; *Boyer* v. *Northern Pac. Ry. Co.*, 8 Ida. 74, 70 L. R. A. 691, 66 Pac. 826; *Eickhoff* v. *Fidelity & Casualty Co.*, 74 Minn. 139, 76 N. W. 1030; *Waechter* v. *Atchison, T. & S. F. R. Co.*, 10 Cal. App. 70, 101 Pac. 41; *Stone* v. *Travelers' Ins. Co.*, 78 Mo. 655).

As we have no provision taking foreign corporations out of the general rule above, it follows that the court in which the action was commenced acquired jurisdiction to try it, if proper

service of summons was had.   No question was raised as to the
sufficiency of such service.

2. As to the sufficiency of the evidence: It is first contended
[3] that there was no meeting of minds resulting in a con-
tract.

The undisputed testimony shows that the county-city health
officer at Helena had ordered all outside toilets not connected
with the sewer system to be cleaned, and had attempted to
deputize one McNamara to serve notices to that effect.   In
that capacity McNamara, accompanied by plaintiff, visited the
Helena depot, and there without the hearing of plaintiff,
served upon C. D. Sterling, the "freight and passenger agent"
of defendant, a notice to clean all such toilets within three
days, or the county would order it done.   Thereupon Sterling
directed McNamara to have the work done, and was advised
by McNamara that a Butte scavenger was doing the work; Ster-
ling told McNamara that he did not know where the toilets were
but to go to the yardmaster, who would point them out.   Mc-
Namara directed Pue to do the work, located the toilets with
the aid of the yardmaster, and Pue thereafter did the work.

Defendant asserts that Pue was working under the direction
of the health office and did not intend, at the time he was di-
rected to do the work, to charge it to the defendant, and only
attempted to hold the company after the county refused to pay
the bill, but this assertion is not borne out by the record, as
Pue testified that he presented the bill to the county only after
the defendant's agents had refused to O. K. or pay the bill.

In *Pue* v. *Lewis and Clark County,* 75 Mont. 207, 243 Pac.
573, this plaintiff sought to recover from the county for ser-
vices performed under contract with the health officer at East
Helena, and it was there held that such officer had no author-
ity to appoint a deputy and had no authority to incur indebt-
edness on the part of the county for the abatement of nuisances
without direction from the board of health, and that one deal-
ing with an agent of a county must, at his peril, see that the

agent is acting within the scope of his authority. However, a different situation existed here. Sterling, under the above rule, was chargeable with knowledge that McNamara and the health officer were acting without authority. When the notice was served upon him he was at liberty to disregard it. He accepted it at its face value, and, even so, had the right to consider the manner in which the defendant would treat the notice for a period of three days. During that time he could have had the toilets cleaned by men in the employ of the defendant, or, as above stated, could have disregarded the notice. He saw fit to direct McNamara to have the work done, and it is immaterial whether the notice was valid or whether McNamara was in the employ of the county, the plaintiff or the defendant, or no one of them.

While the dealings between the parties were informal, the formality observed was, perhaps, commensurate with the importance of the contract under consideration. The plaintiff held himself out as offering to do the work; he could have made any vehicle, including the mail, his agent for the transmission of the offer; the agent of the defendant elected to accept the offer and did so, though he transmitted his acceptance through this third person. With the offer and acceptance, in the terms of the offer, there was a sufficient meeting of minds to consummate the informal contract necessary to establish liability, if the subject of the contract was within the ostensible authority of the agent over premises under his immediate charge.

3. The defendant contends that Sterling was without [4] authority to bind the company by such a contract, stating, without citation of authorities, that: "This contention is based upon the rule that, where one deals with a corporation, he is bound, at his peril, to know that the agent of the corporation with whom he deals has authority to act on behalf of the corporation in the particular transaction, particularly where the transaction involved is without the ordinary business of the

corporation.'' The rule stated was applied in *Pue* v. *Lewis
and Clark County* above, but only because the defendant in
that action was a municipal corporation.

As to agents of corporations, other than municipal, the rules
applicable to agents of individuals apply, and, if a corpora-
tion either intentionally or negligently clothes a person with
apparent authority to act for it in a particular manner, it can-
not deny his authority as against a person dealing with him
in good faith; it is only where there is no question as to appar-
ent authority that such a person must, at his peril, ascertain
the extent of the authority of the agents before dealing with
him.   (3 Fletcher on Corporations, sec. 1896.)

The apparent authority of an agent is declared in this state
[5, 6]   to be gathered from all the facts and circumstances
surrounding the transaction, and is a question of fact to be
determined by the jury, and it is held that an agent to whom
a corporation entrusts the management of its local affairs may
bind his company by a contract necessary and proper to be
made in the ordinary prosecution of its business. (*Campbell
v. Oriental Trading Co.,* 58 Mont. 520, 193 Pac. 1112.)

In refutation of Sterling's authority, the defendant called
[7]   F. G. Cook, who was its "district roadmaster" at Helena
in 1924, who testified that, while Sterling was the freight and
passenger agent at Helena and had charge of the freight-house
and passenger depot, of less than carload shipments in the
yards, and authority to some extent over men working in the
yards, the duty of repairing buildings, *etc.,* in those yards fell
upon the "bridge department," and the cleaning of buildings
on the "track department," of which he was the head.   We
gather from the testimony of this witness that, if one of these
toilets became out of repair, only the bridge building depart-
ment would have authority to make the repairs, while, if they
needed cleaning, the order for the performance of the task
must come from the head of the track department; while Ster-
ling could O. K. bills for electric lights, *etc.,* used about the

building, if lime was purchased for the purification of a toilet, only the witness Cook could O. K. the bill, and that he O. K.'d no bills for indebtedness incurred without his order; that if Sterling was to incur an indebtedness on behalf of the company, he could do so only after receiving permission from the higher authority.

It has been held, and we think rightly so, that secret instructions, such as that a general agent of a corporation in charge of a business is required to obtain permission from an executive officer before expending money, are not binding upon persons dealing with such agent in good faith and in reliance upon his apparent authority. (*Parrott* v. *Mexican Cent. R. Co.*, 207 Mass. 184, 34 L. R. A. (n. s.) 261, 93 N. E. 590.)

Sterling was apparently in full charge of the business of the company at the depot, and, while there is no testimony to the effect that he had theretofore entered into like contracts, with the knowledge of the company, thus establishing ostensible authority, it would seem that the maintaining of proper sanitary conditions about the premises would fall within the ordinary business of the corporation at that point, and that the maintenance thereof would ordinarly fall under the authority of the person in charge of the place of business, and that, when such person assumed to act, one dealing with him in good faith should be entitled to rely upon his apparent authority.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN and STARK concur.

Rehearing denied January 11, 1927.