## STOWE v. UNITED STATES.

Where a party gives to another a power of attorney, in blank, and defectively witnessed, authorizing ———— " to collect and receive any and all moneys due to him " from the government under an agreement specified, " and to make a good and sufficient release, acquittal or receipt for the same," and generally to do any and all things necessary in the premises—this power being by statute " null and void " from the defective execution—and the person to whom the power is thus given fills the blank with the name of an attorney at law, and instructs him to sue the government, and the attorney files a petition in the Court of Claims in the name of the principal in the power, " to the use and

benefit" of the person to whom the power was delivered, the petition representing that such person is the person beneficially interested, and the principal—though not authorizing the suit—subsequently, with knowledge of the facts, suffers the suit to proceed and co-operates in its prosecution, and while the action is pending, a settlement is effected between the person to whom the power was delivered and the government (the principal to the power being no party to the settlement, but allowing it to proceed without objection), and the money is paid under the settlement, but owing to the law officers of the government not being advised of the settlement, the suit is not formally withdrawn— the principal in the power cannot, afterwards, file an amended petition alleging that the power was not intended to, and did not confer any power or authority on anybody to do more than to prosecute the claim to settlement, and to receive any draft in the name of the principal; and so claim payment under the contract himself. He is estopped by his own action from disputing the validity of the settlement.

APPEAL from the Court of Claims, the case as found by that court being this:

In October, 1863, the quartermaster's department entered into a written contract with one Stowe, to deliver mixed grain at certain prices agreed on. The contract was fulfilled, and a balance found due upon it to Stowe. The government having neglected to pay a portion of this balance, Stowe, at the request of one White, executed a power of attorney—in blank as respected the name of the attorney—to get the balance yet claimed as due. The power authorized ———— for the principal, Stowe, to collect and receive any and all moneys due and coming due to him the said Stowe, "and to make, execute, and deliver to any officer or person authorized by the government to pay said moneys a good and sufficient release, acquittal or receipt for the same, or any part that may be paid to my said attorney, and generally to do any and all things necessary in the premises." This power in blank Stowe delivered to White. It was not executed before two witnesses, but was acknowledged before and witnessed by a notary public.

An act of Congress of February 26th, 1853,* in force at the time of these transactions, enacted:

---

* 10 Stat. at Large, 170.

" That all transfers and assignments of any claim upon the United States, ... and *all powers of attorney* ... for receiving payment of any such claim, or any part or share thereof, shall be absolutely null and void, unless the same shall be freely made and executed in the presence of at least two attesting witnesses."

The government still declining to pay the balance, White filled the blank in the power with the name of two attorneys, one being Mr. Fuller, and instructed him to bring suit in the Court of Claims against the government. Mr. Fuller appearing as the attorney did accordingly file a petition in the name of Stowe, " to the use and benefit of White," and in it he represents that " White furnished the grain delivered to the United States." Stowe did not communicate with Mr. Fuller, the attorney of record, until after the suit was brought, nor did he authorize its institution, unless such authority was conferred by the power of attorney. Subsequently, with knowledge of the facts, he suffered the suit to proceed and co-operated with White in its prosecution. While the action was still pending, a settlement was effected between White and the government; and the money agreed on by the settlement to be paid, was paid to White. Stowe was not a party to this settlement, but he allowed it to proceed without objection or disclosure of any adverse interest. The suit was not formally discontinued, because the law officers of the government were not advised of the settlement.

Stowe afterwards, by leave of the court, filed an amended petition, in which he represented that *he*, Stowe, had furnished the grain; and that though he had given to White a power of attorney in blank, yet that the power was not intended to, and did not, confer any power or authority on White or any attorney to do more than prosecute the claim to settlement, and to receive any draft in the name of him, Stowe, for any amount that should be admitted as due. He now accordingly prayed payment to himself for the grain already paid for to White, in the way abovementioned.

The Court of Claims on hearing the case dismissed it on

the ground of the conclusiveness of the settlement with White, and from this, its action, Stowe took this appeal.

*Mr. Reverdy Johnson, for the appellant,* argued that under the act of Congress of 1853 the power of attorney, not being attested by two witnesses, was " absolutely null and void," and that this being so, the right of Stowe to receive the sum was absolute, and could not be destroyed by the doings of the counsel who prosecuted the claim, and misrepresented (unintentionally it was conceded) the relation of White to the matter.

*Mr. S. F. Phillips, Solicitor-General, contra.*

Mr. Justice DAVIS delivered the opinion of the court.

We think that the claim was rightly dismissed on the ground of the conclusiveness of the settlement with White. Stowe, by his own action, is estopped from disputing the validity of the settlement.   If it be conceded that the power of attorney was not an effective instrument for any purpose, because not executed in conformity with law, the concession cannot operate to the advantage of Stowe, because he acted in such a way *after* the suit was brought as to preclude him from assuming the position he took in his amended petition. This action has induced the accounting officers of the government to treat White as the only party in interest, and if loss is suffered on this account, it should not be borne by the defendants.   Stowe, in suffering the suit to proceed, and co-operating with White's attorney in its prosecution, cannot be heard to say that the statements contained in the petition are not true.   It would be wrong to allow him to stand by and see the suit settled on the basis of the truth of those statements, and then to turn round and take a new position because the partial interest which he held in the claim was left unprotected by the settlement.   If there be cause of complaint against any one for the failure to protect this interest, it is not against the defendants whose officers conducted and completed the negotiation, on the faith that

White, as declared in the petition, was the real owner of the claim, and that the suit was prosecuted for his benefit. In assisting to carry on this suit, Stowe adopted the proceeding on which it was based, and in effect notified the defendants that they could safely settle the cause of action with the attorney of record. Besides, in taking charge of it after the settlement and asking leave to amend the petition, he recognized the authority of the counsel who instituted it; and it is very clear, that the amendment which he was permitted to file, could not affect rights acquired while the suit as originally framed was pending.

JUDGMENT AFFIRMED.