Nott, J.,
delivered the opinion of the court:
Subsequent to judgment in this case, and while it was pending upon appeal, the assignee in bankruptcy of the former claimant came in and had himself substituted as party claimant. After the judgment was affirmed, he moved in this court to have a new attorney admitted as his attorney of record in the case.
Where a new party having a distinct, collateral, or adverse interest is joined in a suit, undoubtedly he is entitled to appear by his own attorney as distinct from any prior attorney appearing for another co-claimant or co-defendant; but where an executor, administrator, or assignee succeeds the original claimant in the action, he takes the suit as he finds it. Stow's Case, (5 C. Gis. R., p. 362; 9 id., p. 98; 19 Wall., p. 13.) He is but a *728 representative, and has no greater rights than had he whom he represents. Nothing is changed but the person. The existing pleadings are his pleadings, and the existing attorneys are his attorneys. Therefore, this motion of the assignee was treated by the court as an ordinary motion of a party to change his attorneys and was granted on the usual terms. On a settle-mént of the disbursements at chambers it appeared that the former attorneys relied upon a contract assigning to them a contingent interest in the recovery, by way of compensation for their services as attorneys in the suit; and that this contract had been entered into between them and the original claimant, the bankrupt, after his assignment in bankruptcy, though before the assignee was substituted as claimant, and before the disbursements had been made by the attorneys. By that agreement it also appeared that the attorneys undertook to bear all the expenses of the suit. The new attorney thereupon moved to set aside the order of substitution as previously entered, and for an order allowing a change of attorneys without terms; i. e., without a lien, and without the repayment of the former attorney’s disbursements. The ground for this motion was that a contract made by a bankrupt, transferring a portion of a claim in suit belonging to the estate, is void. It was also contended that this court is without power to pass upon the validity of any such contract, and that the terms imposed by the order of substitution are beyond the jurisdiction of the court.
This court has never undertaken to pass upon the validity of nor to enforce any such contract. The authority asserted by this court in Carver’s Motion, (7 C. Cls. R., p. 499,) and sustained by the Supreme Court in Desmare’s Mandamus, (9 C. Cls. R., p.1,) was simply to maintain the just and equitable rights of attorneys, and assure to them a subsisting lien upon a valid contract, if they had one. A party has a right to change his attorney at pleasure, but not to destroy the rights of an attorney who, as in this case, may have borne the entire burden of the prosecution or defense. The terms in such orders merely seek to protect that which the attorney has, and do not seek to create a right which he has not. If an express agreement for compensation is void, it will not be made valid by the order of substitution. The lien given by that order relates only to subsisting valid rights, such as may arise out of a valid express agreement or out,of an implied contract for services rendered.
But in the motion now before the court there is this embarrass *729 ing complication, viz: If the express agreement is valid, the former attorneys should not be re-imbursed the expenses which they thereby agreed to bear in consideration of the contingent interest in the recovery. If, on the contrary, no such valid agreement exists, the claimant should not be allowed to take the case out of their hands without refunding to them the necessary disbursements which they have made.
On looking into the bankrupt law and the American decisions relating to it, we find it far from settled whether such a contract is operative or a nullity. “ The assignee shall, ifherequires it, he admitted to prosecute” a pending action “ in his own name.” (Rev. Stat., § 5047.) But the words of the statute are clearly permissive. The assignee is not bound to encumber the estate with the costs of what he deems the prosecution of a worthless suit. But if he neglects to be 11 admitted to prosecute the action,” does he not surrender its control to the existing party % The title or property in the chose in action may have passed to the assignee, but nevertheless, if the bankrupt may continue to prosecute the suit, may he not, as the implied agent of the assignee, dispose of the cause of action in good faith to such an extent as will insure the prosecution of the suit? These are questions which this court cannot undertake to decide.
Yet it is clear that the order which has been entered should be modified. The former attorneys are not entitled to have the contract protected as valid and to receive the disbursements which that contract provides shall be borne by themselves. Clearly they cannot have both. It is equally manifest that the assignee in bankruptcy is not entitled to say that the former attorneys must bear the disbursements because they agreed to do so, and to say in the same breath that the same agreement should not be protected because it is void. We are inclined to think that it rests with the assignee to elect whether he will ratify this agreement and by adopting its terms accept its benefits, or whether he will ignore it as illegal and refund the disbursements before alluded to, as though no such contract existed. On his making this election an order of substitution upon the terms indicated by this opinion will be allowed.
Richardson, J., was absent when this decision was announced.