Nott, J.,
dissenting:
This motion was first made in the Supreme Court; and it-was conceded on the argument here that it is now renewed on *371 precisely tbe same papers on wbicb it was rejected in tbe court above.
Tbe Supreme Court did not decline to pass upon tbe merits of tbe motion because of its being an appellate court. Sucb motions liad theretofore been made and allowed. See Gardner, assignee of Johnson, v. The United States (11 C. Cls. R., 724). Tbe reason of tbe Supreme Court for declining to entertain tbe motion was because tbe substitution of tbe assignee for tbe bankrupt involves a controversy, not between tbe assignee and tbe bankrupt, but between tbe bankrupt and third persons, and that this controversy comes in question in this suit only collaterally.
If it was improper for tbe Supreme Court to pass upon that question in a collateral proceeding, it is improper for this court to do so. This court bas no more original jurisdiction of that controversy than tbe Supreme Court bad; tbe controversy is just as collateral here as it was there ,• and tbe method of trying tbe issue is as identical as tbe evidence upon wbicb it is presented.
It is true that in the opinion of tbe Supreme Court it is said “that tbe district court bas already assumed partial jurisdiction of tbe matter; and as that court can do full justice between all tbe parties, we think it better that tbe controversy should be disposed of there or in some other tribunal.” But the Supreme Court, by tbe term “ some other tribunal,” cannot refer to tbe Court of Claims, because tbe opinion immediately adds to what is quoted tbe words, “having original jurisdiction in such matters than by tbe court in a collateral way.” Tbe Court of Claims bas no original jurisdiction “of sucb matters,” that is, of controversies between assignees in bankruptcy and third persons; and tbe “controversy” between the administra-trix and tbe bankrupt comes before tbe Court of Claims only “ in a collateral way.”
I bad supposed that an assigjnee in bankruptcy bad a statutory right to be substituted as party-claimant in any stage of any suit taking tbe litigation as be finds it, cum onere; and I am aware that there are grave considerations why sucb a course should be pursued here; but since tbe Supreme Court bas decided that sucb action should not be taken in this case in a court where tbe question of right is collateral, I am not at liberty to inquire into tbe weight of those considerations.
*372 I am, moreover, of the opinion that the mandate of the Supreme Court, taken in connection with the record in that court and the opinion which accompanies it, leaves this court without alternative. Its power and duty appear to me to be limited to entering judgment for the particular claimant, whom the Supreme Court, both by its express decision and the terms of its mandate, has decided to be entitled to judgment.