ISAAC DETWILDER v. CHARLES C. HECKENLAIBLE *et al.*

No. 12,388.   ( 66 Pac. 653.)

SYLLABUS BY THE COURT.

1. MORTGAGE—*Assignment—Notice to Maker.* Where an assign-
ment of a mortgage, duly made as required by the law of 1897,
relative to the assignment of mortgages, has been recorded as
therein required, the payor of the note secured by such mortgage
must take notice of such assignment, and any payment made by
him on such note to the original payee, or his agent, thereafter,
is at the risk of the payor, and this is true whether the note is
negotiable or non-negotiable, and whether the payor has actual
knowledge of such transfer or not.

2. ———— *Agency for Payment—Evidence.* Where a borrower
makes the agent through whom a loan is obtained his agent to
pay the principal of such loan and interest thereon for him, evi-
dence which is as reconcilable with the theory that the agent is
acting as the agent of the borrower in receiving and forwarding
such principal and interest as with the theory that such agent is
acting as the agent of the lender must be held to show agency
under such agreement and not to disprove such agreement.

Error from Allen district court; L. STILLWELL,
judge. Opinion filed November 9, 1900. Division
two. Reversed.

*McCleverty & Padgett,* for plaintiff in error.

*Chris Ritter,* and *J. L. Denison,* for defendants in
error.

The opinion of the court was delivered by

CUNNINGHAM, J. : This was an action brought by
the plaintiff in error, as plaintiff below, upon a note
given by the defendants in error to Smedley Darling-
ton, and to foreclose a mortgage on real estate given
to secure the same. The note was dated March 1,
1893, and became due March 1, 1898. It was made
payable, principal and interest, at the office of Smed-

ley Darlington, West Chester, Pa. The mortgage was duly assigned in writing to the plaintiff on the 18th day of August, 1897, which assignment was on that day properly acknowledged. This assignment was filed for record in the office of the register of deeds of the proper county on the 21st day of August, 1897. Plaintiff had become the owner of the note by assignment from the payee some time before the formal assignment of the mortgage was executed; the assignment of the mortgage and record thereof having been made for the purpose of complying with the statute relative to the assignment of mortgages enacted in 1897. The note and mortgage were negotiated, and the business transacted, by one Henry J. Butler, of Fort Scott, Kan. At the time that the defendant Charles Heckenlaible applied to him to obtain a loan, he executed a paper purporting to appoint said Henry J. Butler his agent for the purpose of obtaining such loan, and among other provisions contained therein was the following:

"And I do hereby constitute and appoint Henry J. Butler my attorney irrevocably, for me, and in my name, place, and stead, to procure this loan from any person, persons, or corporation, and to forward to the holders of the notes for principal and interest the interest money as the same may become due from time to time, and the principal, whenever it may from any cause become due and payable; hereby ratifying and confirming all that my said attorney may do in the premises as fully as if done by myself."

All of the interest coupons were paid by the defendants up to and including the one that fell due September 1, 1897, to Henry J. Butler, the defendants knowing that such payments would have to be remitted to the office of Smedley Darlington, in West Chester, Pa., before they could obtain their interest coupons,

and knowing that the note and mortgage were held by some person living in the East. From the time that plaintiff became the owner of the note and mortgage he continuously had the same in his possession, the course of business being that he would take the coupons for the interest as they became due to the office of Smedley Darlington, in West Chester, Pa., obtain his interest, and surrender the coupons therefor, which were then transmitted to Henry J. Butler, at Fort Scott, and by him delivered to the defendants. The plaintiff never knew anything of this course of business, not even knowing of the existence of Henry J. Butler. On September 16, 1897, the defendant Charles Heckenlaible went to the office of Henry J. Butler, in Fort Scott, and paid to him the interest which had fallen due on September 1, 1897, and also gave to him $200 to be applied upon the principal of the note, taking his receipt therefor, which receipt recited that the money was given for a partial release of the mortgage, and that it was given on condition that he should be able to procure a release from the holder of the mortgage. This payment of $200 was retained by Butler, and was never paid on the note.

The defendants claimed the right to make this payment to Butler because they had no actual knowledge of the transfer of the note and mortgage from Smedley Darlington to the plaintiff, and because the course of business had been such between them and Henry J. Butler relative to this matter as would warrant them in the belief that the latter was the agent of Smedley Darlington to receive not only the interest but payments of principal as well, and evidence was introduced at the trial to prove this course of business.

The note falling due the 1st day of March, 1898,

and remaining unpaid, the foreclosure action was commenced. The defendants tendered to plaintiff's attorney all that was due on the note, after having given credit for $200, and claimed that no judgment should be rendered against them. The court found for the defendants, and the plaintiff brings error.

On these facts, we must hold that the court erred in its judgment, and this is so for at least two reasons. First, under the mortgage-assignment act of 1897, we think that the record of the assignment of this mortgage, which was made twenty-five days before the payment of the $200, carried notice to the defendants that the note and mortgage had been duly assigned to the plaintiff, and that they could not safely pay the same, or any part thereof, to Smedley Darlington or his agent. This assignment fully complied with the requirements of the law. It showed who was then the owner of the note and mortgage and gave his post-office address. We grant that portions of this act seem to indicate that it was enacted as a protection to the mortgagor in making payments to the payee of the note when he—the payor—had no notice of its transfer, but we cannot grant that it stops with this. While it provides that the payor may safely pay to the payee mentioned in the note, unless the assignment does appear of record, we think the act must also be construed to mean that such payor cannot safely pay to the original payee if an assignment, as provided by the act, has been recorded. It would be an assumption of a purpose on the part of the legislature to do gross wrong if it intended to protect the payor in the payment of a note to the original payee when no assignment was of record, and not also to protect the latter when the assignment was of record. The provision for the protec-

tion of the payor, if the assignment was not of record, carries with it necessarily the converse, to wit, that he must pay to the assignee when the record shows the assignment of such note and mortgage; and the payor must take knowledge of the fact of the assignment when it appears of record, and of the matters appearing therein.

Even if this act of 1897 does not warrant the conclusion, we think the general provisions of the act relative to conveyances do.   An assignment of a real-estate mortgage is an instrument whereby real estate may be affected, as contemplated by section 19 of the latter act (Gen. Stat. 1901, § 1221), so that when acknowledged and recorded it imparts notice to all persons of the contents thereof.   As a matter of law, when this payment was made by defendants to Butler they knew that Darlington had assigned the note to the plaintiff, and that they could not safely pay to Darlington's agent.

There was no offer upon the trial to show that Henry J. Butler was or ever had been in any manner the agent of the plaintiff.   The evidence went to show that Butler had been acting only as the agent of Smedley Darlington.   The claim is made that because the note in question is a non-negotiable one, therefore, under the law-merchant, the fact of its assignment by Darlington to the plaintiff must be brought home to the defendants in order to defeat any payment made by them to Butler.   Without passing on the question whether the note is or is not non-negotiable, we hold that the assignment act of 1897 applies as well to non-negotiable, as to negotiable, notes.   It follows, therefore, that as the assignment to the plaintiff was of record at the time the defendants made this payment to Butler, and because Butler was

not shown to be in any manner the agent of the plaintiff, the payment was made by the defendants at their own risk, and, as it never actually reached the hand of the plaintiff, the defendants were not entitled to a credit on their note therefor.

By the clause quoted from the application for a loan made to Butler, as before stated, it will be seen that the defendants had made Butler their agent for the purpose of forwarding to the holder of the note moneys to be paid thereon, either principal or interest. We think that all of the evidence introduced by the defendants going to show that Butler was the agent of Darlington is as consistent with the theory that he was the agent of the defendants as with the theory that he was the agent of Darlington, and, in the light of the quoted provision in the defendants' agreement, we must hold that the evidence does not even show that he was the agent of Darlington for this purpose, but rather that of the defendants. In this connection, it must also be remembered that this payment was made for application on the principal, before the principal was due, and that the receipt given by Butler therefor indicates that it was received as a partial payment and release on the condition that a release could be procured from the holder of the mortgage, which fairly shows that Butler at the time was not pretending that he had authority to accept the money in absolute part payment of the note.

We are persuaded that the court below erred in rendering judgment for the defendants. Its judgment is therefore reversed, and the case remanded for further proceedings in accordance with this opinion.

DOSTER, C. J., POLLOCK, J., concurring.