COLWELL, Respondent, *v.* GRANDIN INVESTMENT CO.
ET AL., APPELLANTS.

(No. 4,881.)

(Submitted September 13, 1922. Decided November 4, 1922.)

[210 Pac. 765.]

*Cancellation of Instruments—Mortgages—Promissory Notes—*
*Principal and Agent—Fraud of Agent—Estoppel—Pleading.*

Estoppel—Need not be Pleaded, When.
1. Matter of estoppel, to be available, must be pleaded. Where, however, there has been no opportunity to allege it, it may be put in evidence the same as if it had been alleged.

Principal and Agent—Lender and Borrower—When Intermediary not Agent of Borrower.
2. In determining whether an intermediary through whom a loan has been made is the agent of the borrower or of the lender, the fact that the application for the loan recites that the intermediary is the agent of the borrower is not controlling, if the facts and circumstances are such as to create an agency in behalf of the lender as a matter of law.

Same—When Intermediary Agent of Borrower.
3. Where the borrower in his written application for a loan expressly makes the intermediary his agent, or pays his commission, or employs him to examine the title of the property offered as security, *etc.,* such facts justify an inference that the intermediary is the agent of the borrower.

Same—When Intermediary Agent of Lender.
4. If a money lender pays the intermediary's commission, such payment tends to establish an agency in the lender's behalf, and if the service by the intermediary in making the loan is performed at the direction of the lender, the agent is presumptively his agent, even though the borrower is required to pay for the service.

Same—Cancellation of Note and Mortgage—Partial Failure of Consideration.
5. In an action by a mortgagor to cancel a note and mortgage for failure to receive the full amount of the note transmitted by the lender to the agent for payment to the borrower, through whom the loan had been made and who misappropriated a portion thereof, evidence *held* sufficient to support a finding that the intermediary was the agent of the lender.

Same—Act of Fraud of Agent Binding upon Principal.
6. Acts of fraud by the agent committed in the course or scope of his employment are binding on the principal, even though the principal did not in fact know of or authorize the commission of the fraudulent acts, and although he derived no benefit from the success of the fraud.

*Appeals from District Court, Custer County; C. J. Dousman, Judge.*

ACTION by John C. Colwell against the Grandin Investment Company. From judgment for plaintiff and from an order denying motion for new trial, defendant appeals. Affirmed.

*Mr. Geo. W. Farr,* for Appellant, submitted a brief; *Mr. Sharpless Walker,* of Counsel, argued the cause orally.

We submit, that Colwell, by negligently failing to strike out from the application blank that part of the application relating to an agent, and by negligently leaving the name of the agent blank so that it could be filled in, must suffer for the act of Mork in inserting his own name in the blank space left for that purpose. It is provided by section 6211, Revised Codes: ''Where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer.'' This language of the statute is but the restatement of old equity rules and principles. (See *Somes* v. *Brewer,* 2 Pick. (Mass.) 201, 13 Am. Dec. 406; *Mundorff* v. *Wickersham,* 63 Pa. St. 89, 3 Am. Rep. 531.)

California has the same Code provisions as Montana, and it has been applied in the following cases: *Schultz* v. *McLean,* 93 Cal. 329, 28 Pac. 1053; *Wittenbrock* v. *Parker,* 102 Cal. 93, 41 Am. St. Rep. 172, 24 L. R. A. 197, 36 Pac. 375; *Mills* v. *Rossiter,* 156 Cal. 167, 103 Pac. 896, *Bishop* v. *Barndt,* 43 Cal. App. 149, 184 Pac. 901; *Riverside Portland Cement Co.* v. *Maryland Casualty Co.,* 46 Cal. App. 87, 189 Pac. 808. (See, also, *Stowe* v. *United States,* 19 Wall. (U. S.) 13, 22 L. Ed. 144 [see, also, Rose's U. S. Notes].)

The Grandin Investment Company was entirely ignorant of anything that transpired between Mork and Colwell at the time the application was signed. The fact that Colwell objected to the reference in the last paragraph to an agent and to his declaration that he wanted no agent and that Mork said that it was a mere matter of form were all unknown to the Grandin Investment Company. It was an innocent party

and relied upon the language of the application itself as Colwell said he understood it would do, and as we submit it had a right to do, not only for one but for all purposes.

Whose agent was Mork? It is said in *Merriam* v. *Haas*, 154 U. S. 542, 18 L. Ed. 29, 14 Sup. Ct. Rep. 1159 [see, also, Rose's U. S. Notes], that to determine in a given case whether a person is the agent of the lender or of the borrower is a question of weight of testimony rather than of the application of legal principles. (31 Cyc. 1222.)

While the question of agency is to be decided from legal conclusions drawn from the testimony rather than from legal principles, some of the authorities may be of assistance. In the case of *Moore* v. *Blackburn*, 67 Wash. 117, 120 Pac. 875, it was held that the test to be used in determining whether the person who acts as intermediary is the agent of the borrower or of the lender was as to whose direction the person was acting, and in that case it was held that he was acting under the direction of the borrower, and that, therefore, when he received the proceeds of the mortgage, he received them as the agent of the mortgagor and not of the mortgagee.

In the case of *Detwilder* v. *Heckenlaible*, 63 Kan. 627, 66 Pac. 653, in which the question of whether the intermediary was the agent of the borrower or of the lender was involved, it was held that evidence which is as reconcilable with the theory that the agent is acting as the agent of the borrower in receiving and forwarding the principal and interest of the loan as with the theory that such agent is acting as the agent of the lender must be held to show agency under such agreement, and not to disprove such agreement.

Applying this same principle of construction to this case, we submit that the evidence is certainly as reconcilable with the theory that Mork was acting as the agent of Colwell in receiving the money as with the theory that he was acting as the agent of the Grandin Investment Company, and, therefore, that the evidence must be held to show agency under the application upon which the Grandin Investment Company acted, the plaintiff assuming the burden of proof.

It is held in 31 Cyc. 1397, that if a borrower applied to the agent for a loan, *prima facie* such agent is his agent, and the lender is justified in paying him the amount of the loan. That was the situation in the case at bar. Colwell applied to Mork for a loan. *Prima facie,* therefore, Mork was Colwell's agent, and the Grandin Investment Company was justified in paying him the amount of the loan, and having done so, Colwell is not entitled to have the notes and mortgages surrendered up or canceled. If Mork was Colwell's agent, payment made to him, although he absconds with the proceeds, was payment to Colwell and Colwell was bound by it. (31 Cyc. 1397; see, also, *National Mortgage & Debenture Co.* v. *Lash,* 5 Kan. App. 633, 47 Pac. 548; *Pepper* v. *Cairns,* 133 Pa. St. 114, 19 Am. St. Rep. 625, 7 L. R. A. 750, 19 Atl. 336.)

*Messrs. Loud & Leavitt,* for Respondent, submitted a brief; *Mr. Charles H. Loud* argued the cause orally.

The defendant having furnished the blank upon which the application was made in reality furnished the means which enabled Mr. Mork to mislead it in believing that he had been appointed the agent of the plaintiff, and it cannot now be heard to say that the defendant by failing to strike out the provisions in the blank in reference to agency was careless and negligent and that this fact was the cause or means by which it was misled. The defendant having made no inquiries as to the responsibility of the man Mork, to whom it had sent blank applications for loans and thereby apparently clothed him with authority to take such applications, and having failed to make any inquiries as to the authenticity of his appointment, is not in a position under the authorities to invoke the doctrine of estoppel even if he had alleged it in his answer. (10 R. C. L. 695; *Western Union Tel. Co.* v. *Schriver,* 141 Fed. 538, 4 L. R. A. (n. s.) 678, 72 C. C. A. 596.)

The position of the appellant seems to be that Mork was the agent of the plaintiff because the application for the loan when it was received by the defendant had the name of A. H.

Mork written into the blank space which was provided in the blank for the designation of an agent. This fact coupled with the fact that the plaintiff failed to eliminate this paragraph designating an agent prior to signing the application misled the defendant to his prejudice. Unfortunately the great weight of authority does not sustain this contention. There is, it is true, some conflict of authority, but the better considered cases will be found to be in support of the proposition that "The fact that the application for the loan recites that the intermediary is the agent of the borrower is not controlling, if the facts and circumstances are such as to create an agency in behalf of the lender as a matter of law." (31 Cyc. 1226; *Jensen* v. *Lewis Investment Co.,* 39 Neb. 371, 58 N. W. 100; *McLean* v. *Ficke,* 94 Iowa, 283, 62 N. W. 753.)

The appellant company in relying upon the agency provision contained in its loan applications, is attempting thereby to escape any responsibility for Mork's acts, notwithstanding it has availed itself of the benefits of the agency. In further support of the proposition that under the facts and circumstances in this case Mork must be considered as the agent of the lender, we cite the following additional cases: *Larson* v. *Lombard Investment Co.,* 51 Minn. 141, 53 N. W. 179; *New England Mortgage Security Co.* v. *Addison,* 15 Neb. 335, 18 N. W. 76; *Bates* v. *American Mortgage Co.,* 37 S. C. 88, 21 L. R. A. 340, 16 S. E. 883; *Bell* v. *Riggs,* 34 Okl. 834, 41 L. R. A. (n. s.) 1111, 127 Pac. 427.

Upon the trial it developed that the defendant had sold the note and the mortgage given to secure the same, although the president of the company was unable to give the name of the party who made the purchase. This was clearly a matter of defense and should have been plead in the answer in order to admit such proof to be introduced. The answer, however, contains no such allegation and asks to have the lien of this mortgage confirmed; notwithstanding the answer was filed a very long time after such alleged sale was made. This proof having been introduced, it became necessary for the plaintiff

to ask leave to amend the prayer of his complaint so as to ask for alternative relief.

In actions of this character alternative relief may be awarded.    (9 C. J. 1263; *Crawford* v. *C. Aultman & Co.*, 139 Mo. 262, 40 S. W. 952; *Brundy* v. *Canby,* 50 Mont. 454, 481, 148 Pac. 315; *Minneapolis Thrashing Mach. Co.* v. *Currey,* 75 Kan. 365, 89 Pac. 688; *Swan* v. *Talbot,* 152 Cal. 142, 17 L. R. A. (n. s.) 1066, 94 Pac. 238; *Taylor* v. *Taylor,* 259 Ill. 524, 102 N. E. 1086; *Johnson* v. *Carter,* 143 Iowa, 95, 120 N. W. 320; *Erickson* v. *Fisher,* 51 Minn. 300, 53 N. W. 638; *Porter* v. *O'Donovan,* 65 Or. 1, 130 Pac. 393; *Griffiths* v. *Cretney,* 143 Wis. 143, 126 N. W. 875.)

HONORABLE JEREMIAH J. LYNCH, District Judge, sitting in place of MR. JUSTICE FARR, disqualified, delivered the opinion of the court.

This is an action brought by the plaintiff against the defendants, Grandin Investment Company and Albert H. Mork, to cancel certain notes and mortgages on account of partial failure of consideration.

The complaint alleges in substance that the plaintiff is the owner of about 314.91 acres of land in Custer county, Montana; that the defendant Grandin Investment Company is a corporation organized and existing under the laws of the state of Minnesota and engaged in the business of loaning money upon farm land security; that on or about the thirty-first day of December, 1917, the defendant Albert H. Mork was the agent of said corporation at Miles City, Montana, in securing the execution of applications to it for farm loans; that on or about said date the defendant Albert H. Mork as agent of said corporation and in its behalf obtained from the plaintiff an application for a loan of $2,000 to be secured by said land, which said application was signed by him and his wife and immediately forwarded by Mork to the corporation; that the said corporation accepted the said application, and thereupon plaintiff* and his wife on the said thirty-first day of December, 1917, executed to it a promissory note for $2,000

and five interest coupon notes for $80 each; that to secure the payment of said promissory note and interest coupon notes the plaintiff and his wife then gave to the said corporation first and second mortgages of said land; that the said corporation caused said mortgages to be recorded in the office of the county clerk of Custer county, Montana; that the said corporation has failed and refused to pay the plaintiff any part of the loan of $2,000 so sought by him except the sum of $500 which he now offers to return to it; and that the said mortgages constitute a lien on the said land of plaintiff and a cloud upon his title thereto which can be removed only by a suit in equity.

The defendant Mork did not appear in the action. The answer of the defendant corporation in effect admits all the material allegations of the complaint except those relating to the agency of Mork and its failure and refusal to pay the plaintiff the full sum of $2,000, which are denied. By way of new matter it is further alleged therein, among other things, that the application for a loan signed by the plaintiff contained the following provision: "I hereby appoint and constitute A. H. Mork, of Miles City, my agent or attorney in fact to negotiate and procure the loan hereby applied for, authorizing him, or yourselves, to pay off all liens on said land, and to send money or drafts therefor at my risk, and I hereby ratify and confirm all that my said agent, or yourselves, may do in the premises. Payment of the money on said loan to my said agent shall constitute payment to me the same as though paid direct to me."

The reply denies all the allegations of new matter found in the answer.

The district court tried the case without a jury, made findings of fact and conclusions of law in favor of the plaintiff, and entered judgment accordingly. From this judgment and an order denying its motion for a new trial the defendant corporation has appealed.

John C. Colwell, C. M. Allen, and W. B. Leavitt testified in behalf of the plaintiff and C. D. Grandin, the president

of the Grandin Investment Company, in behalf of the appearing defendant. The testimony of Leavitt, however, was altogether immaterial. It appears from the evidence that in the years 1917 and 1918 the defendant corporation had its office in Minneapolis, Minnesota, and was engaged in the business of loaning money on farm land security and buying farm mortgages. Early in 1917, and from time to time thereafter extending over a period of several months, it mailed to the defendant Mork, at his request, some of its blank forms of farm loan applications. It had had business dealings with him prior to the transaction with Colwell. Once, while in Minneapolis, Mork visited the office of the corporation and met Grandin. In the fore part of December, 1917, the plaintiff, accompanied by Allen, saw Mork in the Milligan House at Miles City regarding a loan of $2,000 which he desired. Mork thereupon produced one of the forms furnished him by the corporation. asked the plaintiff certain pertinent questions, and wrote in the replies given. The paper was then handed to the plaintiff for his signature. The language of the last paragraph thereof at the time was identical with the words quoted above from the new matter in the answer, except that the name and residence of the agent did not appear. The plaintiff proceeded to read the paper and, noticing the provision for the appointment of an agent, protested that he did not need one and told Mork to ask the corporation to remit the money to the First National Bank of Miles City on his account. Mork assured him the provision was a mere matter of form and at the same time claimed he was the agent of the corporation. The plaintiff then signed the application, with the words "A. H. Mork of Miles City" omitted therefrom, and delivered the same to Mork for transmission to the corporation. When the application reached the office of the corporation a few days later, it contained the omitted words and had attached to it a recommendation on the part of Mork that the loan be made. The corporation accepted the application and forwarded to Mork a promissory note, interest coupon notes, and mortgages to be executed by the plaintiff, and

thereafter on the thirty-first day of December, 1917, they were executed by him and his wife and are the identical obligations described in the complaint. Mork then took possession of them and had the mortgages recorded in the office of the county clerk of Custer county, Montana, and afterward transmitted the notes and mortgages, together with an abstract of title, to the corporation. Upon receipt of them and on or about the nineteenth day of January, 1918, the corporation sent to Mork its check, payable to him, for $1,997.60, the amount of the loan less $2 for recording plaintiff's patent and forty cents for revenue stamps placed on the promissory note. He cashed it on January 23, 1918. At the time he received the check for $1,997.60, he also received a check for $100 drawn by the corporation in favor of the Custer Abstract Company at his request. The latter sum, according to the witness Grandin, was paid to Mork, not as a commission for making the deal, but for the loan itself. When the check for $100 was sent, the corporation owed the Custer Abstract Company nothing. About the twenty-second day of February, 1918, the plaintiff met Mork in Miles City, told him the money had not yet arrived, and expressed dissatisfaction over the delay. Mork gave some flimsy reason therefor, and added that he thought the money was on the way from Minneapolis. He then handed the plaintiff $500, stating that it was an advancement from the corporation which could be deducted when the loan of $2,000 came. The plaintiff never paid Mork anything for his services as intermediary and never received from him or the corporation any further sum or sums in connection with the transaction. Grandin denied that Mork had any authority to represent the corporation, as did Colwell that he had any authority to represent him. The plaintiff demanded of the corporation the balance of $1,500 and announced his willingness when on the stand to pay it the sum of $500 so received by him from Mork.

Counsel for appellant earnestly contends in his brief that [1] the defendant Mork was the agent of the plaintiff, or, if not, that the plaintiff by failing to strike out that part of

the last paragraph of the application relating to the appointment of an agent, and leaving the name of the agent blank at the time of signing so that it could afterward be written in, was guilty of such negligence as estops him from denying that Mork was in fact his agent and must therefore bear the loss, and cites in support of his position section 8772, Revised Codes of 1921; *Somes* v. *Brewer,* 2 Pick. (Mass.) 201, 13 Am. Dec. 406; *Mundorff* v. *Wickersham,* 63 Pa. 89, 3 Am. Rep. 531; *Schultz* v. *McLean,* 93 Cal. 329, 28 Pac. 1053; *Wittenbrock* v. *Parker,* 102 Cal. 93, 41 Am. St. Rep. 172, 24 L. R. A. 197, 36 Pac. 375; *Mills* v. *Rossiter,* 156 Cal. 167, 103 Pac. 896; *Stowe* v. *United States,* 19 Wall. (U. S.) 13, 22 L. Ed. 144 [see, also, Rose's U. S. Notes]; *Bishop* v. *Brandt,* 43 Cal. App. 149, 184 Pac. 901; *Riverside Portland Cement Co.* v. *Maryland Casualty Co.,* 46 Cal. App. 87, 189 Pac. 808; *Moore* v. *Blackburn,* 67 Wash. 117, 120 Pac. 875; *Detwilder* v. *Heckenlaible,* 63 Kan. 627, 66 Pac. 653; 31 Cyc. 1397; *National Mortgage & Debenture Co.* v. *Lash,* 5 Kan. App. 633, 47 Pac. 548; and *Pepper* v. *Cairns,* 133 Pa. 114, 19 Am. St. Rep. 625, 7 L. R. A. 750, 19 Atl. 336.   The defense of estoppel so invoked is not specially pleaded.   The general rule is that matter of estoppel, in order to be available to the party who intends to rely on it, must be set forth in the appropriate pleading.   Where, as here, however, there has been no opportunity to allege it, it may be put in evidence with the same effect as if alleged.   (*Capital Lumber Co.* v. *Barth,* 33 Mont. 94, 81 Pac. 994; 21 C. J. 1244; 10 R. C. L. 842, 843.)   These points will be noticed again later on.

The principles of law applicable to suits of this kind as enunciated by the courts of the country are stated thus in 2 C. J. 446 *et seq.:* "In the negotiation of loans it is often [2-4] difficult to determine whether an intermediary is the agent of the borrower or of the lender.   Each case must be decided upon its own particular circumstances, and although certain facts have been held to constitute the intermediary the agent of the borrower, or lender, as the case may be, these facts are not necessarily conclusive on the question of agency, and

will not preclude the alleged principal from showing that the intermediary was actually acting as the agent of the other party, or as the agent of each, but for different purposes. Thus the fact that the application for the loan recites that the intermediary is the agent of the borrower is not controlling, if the facts and circumstances are such as to create an agency in behalf of the lender as a matter of law.

"If a person desiring a loan makes known that desire to one who applies to a money lender and consummates the loan, the intermediary *prima facie* is the agent of the borrower, not of the lender, and justifies the lender in paying him the amount of the loan. So if the borrower in a written application or otherwise expressly makes the intermediary his agent, if he pays the agent's commission for negotiating the loan, or if he employs the intermediary to examine the title to the property offered as security, or to discharge prior encumbrances thereon, these facts, taken collectively or in various lesser combinations, are generally held to justify an inference that the intermediary is the agent of the borrower. So also if the lender has given the agent no authority to receive payment for him, and the borrower pays such agent, the debt is not satisfied until the money reaches the lender, for the intermediary is in such case acting as agent of the borrower to receive and transmit the payment.

"If a money lender employs the intermediary to negotiate loans, to examine the title to property offered as security, to see that the property is discharged from prior encumbrances, to prepare the papers and see to the execution thereof, to pay over the money to the borrower, or to perform other services in regard to the loan, these facts, taken collectively or in various lesser combinations, justify an inference that the intermediary is the agent of the lender. If the lender pays the intermediary's commission, it tends to establish an agency in the lender's behalf; and if the service is performed at the request and by the direction of the lender, presumptively the agent is his agent, even though the borrower is required to pay for the service."

[64 Mont. 518.]

The trial court with these rules of law doubtless in mind, [5] and under its power of determining the facts, found that Mork was the agent of the defendant corporation and not of the plaintiff. As the evidence as a whole does not clearly preponderate against the finding, but, indeed, amply supports it, this court feels bound by it. (*Mason* v. *Swee*, 60 Mont. 32, 198 Pac. 356; *Heilman* v. *Loughrin*, 57 Mont. 380, 188 Pac. 370; *Bosanatz* v. *Ostronich*, 57 Mont. 197, 187 Pac. 1009; *Robitaille* v. *Boulet*, 53 Mont. 66, 161 Pac. 163; *Gibson* v. *Morris State Bank*, 49 Mont. 60, 140 Pac. 76.) Such being the situation, the authorities *supra* relied on by appellant are not in point or lose their force in its behalf and its claim of negligence on the part of respondent falls to the ground. The defendant in employing an unworthy and faithless man to represent it in its dealings with the plaintiff was negligent, and it must, as a matter of equity, stand the loss caused by his fraudulent acts. To hold otherwise would, under the circumstances, be equivalent to saying that the corporation, through its agent, could with impunity alter without the knowledge or consent of the plaintiff the document which he had executed. "Where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer." (Sec. 8772, Rev. Codes 1921.) In this connection also we quote with approval from 2 C. J. 849 as [6] follows: "Acts of fraud by the agent, committed in the course or scope of his employment, are binding on the principal, even though the principal did not in fact know of or authorize the commission of the fraudulent acts, and although he derives no benefit from the success of the fraud."

The judgment of the lower court accords with our ideas of justice and fair dealing and is fully sustained by the evidence.

The judgment and order appealed from are therefore affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.