DEHNERT ET AL., RESPONDENTS, *v.* UNION CENTRAL LIFE INSURANCE CO. ET AL., APPELLANTS.

(No. 5,713.)

(Submitted June 17, 1925. Decided July 14, 1925.)

[239 Pac. 773.]

*Promissory Notes—Payment—Agency—Payment to Agent is Payment to Principal—Contracts—Evidence.*

Promissory Notes—Selection of Collecting Agent by Payee—Payment to Agent is Payment to Principal.
  1. Where the payee of a note selects a certain bank to collect the amount due thereon and payment is made to that bank, it is the agent of the payee and payment to it is equivalent to payment to him.
Same.
  2. *Held*, under the above rule, that where the treasurer of an insurance company (mortgagee) indorsed a promissory note to a

1. See 3 R. C. L. 639.

certain bank for collection without request by the mortgagor that this be done, notified the latter that he call at that bank and pay the note, which was done, and the bank failed before the draft sent by it to the mortgagee was paid, the bank was the agent of the company and payment to the bank was payment to it.

Contracts—Preliminary Negotiations Superseded by Writing.

3. Where preliminary negotiations finally result in a written contract, the writing supersedes such negotiations and the intent of the parties must be ascertained from the writing alone.

Same—Several Contracts to be Taken as One—Rule Inapplicable.

4. An application to an insurance company for a loan "payable at the home office" of the company, requesting interest coupons to be sent to a certain bank "and at my risk until payments made are actually received by the company at its home office," signed by the applicant, was not a contract within the meaning of section 7533, Revised Codes of 1921, providing that several contracts relating to the same matter are to be taken together, and therefore refusal to admit it to be considered in connection with the note and mortgage executed pursuant to the application was proper.

Banks and Banking, 7 C. J., sec. 302, p. 627, n. 82.
Bills and Notes, 8 C. J., sec. 829, p. 594, n. 34.
Courts, 13 C. J., sec. 487, p. 529, n. 53; sec. 515, p. 544, n. 37.

*Appeal from District Court of Fergus County, John C. Huntoon, Judge.*

ACTION by Fred and Marietta Dehnert against the Union Central Life Insurance Company and Guy Tullock, as Sheriff of Fergus County. From the judgment granting plaintiffs an injunction restraining defendants from foreclosing a real estate mortgage, the latter appeal. Affirmed.

*Mr. E. B. Merrill* for Appellants, submitted a brief and argued the cause orally.

*Mr. C. E. Baker,* for Respondent, submitted a brief and argued the cause orally.

*Mr. William T. Pigott,* for Appellants, on petition for Rehearing.

HONORABLE W. L. FORD, District Judge, sitting in place of MR. CHIEF JUSTICE CALLAWAY, absent on account of illness, delivered the opinion of the court.

This is an action brought by the plaintiffs for the purpose of obtaining a permanent injunction against the

defendants, restraining them from foreclosing a real estate mortgage upon the lands belonging to the plaintiffs. The facts in this case necessary to the determination thereof are as follows: That on the twenty-sixth day of October, 1917, the plaintiffs made, executed and delivered to the defendant, The Union Central Life Insurance Company, a corporation, their promissory notes in the aggregate sum of $1,700, one of which notes was for the sum of $1.89, and the remaining twenty notes were for the sum of $179.10 each. Each of said notes, with the exception of the amount and date of maturity, is as follows, and contains the following provisions:

"No agent is authorized to make any contract, verbal or written, differing from that written and printed on the face of this note and the instrument securing it; nor is an agent permitted to collect any part or whole of it unless endorsed to him for collection by an officer of the company.

"$179.10.                    Billings, Montana, October 26, 1917.

"On the first day of November, 1923, for value received, I promise to pay to the order of The Union Central Life Insurance Company of Cincinnati, Ohio, One Hundred Seventy-nine and 10/100 Dollars, at the Home Office of said Company in Cincinnati, Ohio, with interest at the rate of 8 per centum per annum, after maturity until paid. If this note is sent to the Denton State Bank of Denton, Montana, or to any other bank, for collection, I agree to pay exchange and collection expenses, and this note shall not be deemed paid until the money is actually received by said company. This note is secured by a mortgage of even date. The right is reserved to prepay at any time at the Home Office of said Company, in Cincinnati, Ohio, by discounting it at the rate of 7½ per centum, interest compounded annually. In case this note is placed in the hands of an attorney for collection, I agree to pay a reasonable attorney's fee."

On the same date the plaintiffs made, executed and delivered to the defendants the real estate mortgage to secure said notes, containing the usual provisions of a real estate mortgage, and including therein the following provision:

"If said notes be sent for collection at the request of said first parties to any bank, person or persons, it is understood and agreed the same shall be at the risk and expense of said first parties, and the notes shall not be deemed paid until the money is actually transmitted to and received by the said second party, their successors and assigns."

One note became due and payable on the first day of November, 1923, and before the same fell due, the company wrote to the plaintiffs in the case, advising them it had sent to the Denton State Bank, at Denton, Montana, the above-mentioned note, and for them to go to the bank and pay the same. The plaintiff, Fred Dehnert, went to the bank and paid the note to the said bank at Denton, Montana, and the same was by the cashier of the bank marked "Paid" and delivered to the plaintiff. Indorsed on the note was the following: "Pay to the order of any bank or bankers for collection and immediate remittance. The Union Central Life Insurance Company, J. R. Clark, Treasurer."

The bank remitted to the Union Central Life Insurance Company by draft, and before the draft was paid, the bank at Denton, Montana, failed, and the draft was not paid to the Union Central Life Insurance Company. The Union Central Life Insurance Company proceeded to foreclose the mortgage for the default in the payment of said note, by the exercise of the power of sale contained in the mortgage in question, and upon the filing of the complaint of the plaintiffs, a restraining order was issued, together with an order to show cause why said temporary injunction should not be made permanent. Upon the hearing of said order to show cause it was stipulated that the evidence taken thereon might be considered by the court as a final submis-

sion of the case. Thereafter the court made findings of fact and conclusions of law and entered judgment in favor of the plaintiffs, granting a permanent injunction, from which said judgment the defendants appeal.

The defendants offered in evidence, for the purpose of showing that the note was sent to the Denton State Bank at the request of the plaintiffs, the application for the mortgage, signed by the plaintiffs on the twenty-ninth day of September, 1917. In said application the following occurred: "I, the undersigned, hereby make application to The Union Central Life Insurance Company of Cincinnati, Ohio, for a loan of Seventeen Hundred and no/100 Dollars, (any month in the year except November, December, January, February or March), or on amortization plan, payable annually at $105.35 per $1,000.00, upon the first day of November, (any month in the year may be chosen for the pay day except November, December, January, February or March), at the home office of the company in Cincinnati, Ohio, but request coupons sent to Denton State Bank in Denton, Mont., for collection at my expense as to exchange and charges, and at my risk until payments made are actually received by the company at its home office. [Here follow other provisions of the application not material to the issues of this suit.] Dated at Denton the 29th day of September, 1917. Fred Dehnert, Applicant. Duly acknowledged''; which said application was excluded by the court.

The defendants in their brief assign four specifications [1, 2] of error, three of which may be disposed of in answering the following question: Was the Denton State Bank, in collecting said note, acting as agent for the plaintiffs herein, or for the Union Central Life Insurance Company? If the bank was the agent for the insurance company, the note was paid when the payment was made to the cashier of the Denton State Bank. If the bank was acting as agent for the plaintiffs in the case, the note was

not paid until the money reached the company at its home office at Cincinnati, Ohio.

Counsel for defendants earnestly contends that the provisions in the note and mortgage above set forth make the bank the agent of the makers, and if not, that the makers thereof become guarantors and insurers that the money will actually reach the company. There is no evidence in the case that the plaintiffs ever requested the Union Central Life Insurance Company to forward the note to the Denton State Bank for collection. In fact, the only evidence on that point is that they did not request the company to do so.

An agent is one who represents another, called the principal, in dealings with third persons. (Sec. 7928, Rev. Codes 1921.) "The mere designation of the place at which payment shall be made does not of itself alter the obligation of the maker as to the person to whom or through whom payment should be made. He is still bound to see for himself that payment is made to the legal holder, whether he be the original payee or an indorser, or to his authorized agent. * * * But if a party selects a bank to collect a note and payment is made to such bank, it is the agent of the person so selecting it, and payment to it is equivalent to payment to him." (3 R. C. L. 1289.)

The note containing on its face the provision, "Nor is an agent permitted to collect any part or whole of it unless indorsed to him for collection by an agent of the company," the fact that an officer of the company indorsed the note to the Denton State Bank for collection, sent it to the bank without any request by the plaintiffs that this be done, and notified the plaintiffs that the company had done so and for them to call at the bank and pay the same, considered collectively, we think sufficient to justify the conclusion that the Denton State Bank was the agent of the Union Central Life Insurance Company, and that when payment was made to the bank it was paid to and received by the company. (*Se-*

110   Dehnert et al. *v.* Union Cent. Life Ins. Co.   [June T. '25

[74 Mont. 104.]

*curity State Bank* v. *Soule,* 70 Mont. 300, 225 Pac. 127; *Jensen* v. *Laurel Meat Co.,* 71 Mont. 582, 230 Pac. 1081.) Such being the case, it was the duty of the bank to see that the money was transmitted and received by the company, and the plaintiffs could in no manner be considered insurers or guarantors that the money would actually reach the company.

Nor do we think the court erred in excluding the ap-
[3] plication for the loan. Where preliminary negotiations are consummated by a written agreement, the writing supersedes all previous understandings, and the intent of the parties must be ascertained therefrom. Representations made during the negotiations of a contract which are not included in the final agreement are not a part of it and are not binding. (13 C. J. 544.)

Counsel for defendants cites section 7533, Revised Codes
[4] of 1921, which provides: "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together," and contends that by reason of said section the application should have been admitted and considered with the note and mortgage; but it is apparent from a casual reading of the application that it is not a contract. In the case of *Colwell* v. *Grandin Investment Co.,* 64 Mont. 518, 210 Pac. 765, cited by counsel, the question of the admissibility of the application for a loan was neither raised nor decided.

The judgment is affirmed.

*Affirmed.*

Associate Justices Holloway, Galen, Stark and Matthews concur.

Rehearing denied October 1, 1925.